OPINION OF THE COURT

Per Curiam.

Following an accident in which one of his employees was killed in a fall from a scaffold, the petitioner, a licensed rigger, accompanied by his attorney, attended and voluntarily testified before an official board of inquiry convened to investigate the cause of the accident. At a subsequent adjourned session of the inquiry the petitioner again appeared, this time under subpoena. On that occasion he refused to answer several questions, stated that he did not know he was required by the Administrative Code of the City of New York to keep a record of tests of his scaffolds, and refused to divulge the locations of other jobs involving scaffolding that then were being performed by his corporation.
Four days later the petitioner was notified by letter that his rigging license had been suspended for five days because of his refusal to reveal the location of his jobs using scaffolding and his admitted failure to keep required test records. The letter then stated that "During this time period you may contact Mr. Jacob Grill — Director of Division of Cranes, Derricks, Hoisting and Rigging, if you wish to be heard concerning your refusal to identify your job locations, as well as your admitted violation of Section C26-1907.4(b) of the code. Should you fail to properly explain your actions by July 21, 1978 your special riggers license will be revoked permanently.”
Section B26-1.8 of the New York City Administrative Code provides that the Commissioner of the Department of Buildings may not suspend or revoke any license except upon *263 written notice at least five days in advance, and an opportunity to be heard. The precise form and content of the notice are not specified. It is the petitioner’s contention in this proceeding, as the Appellate Division concluded, that the letter did not afford him "acceptable” notice of his right to a hearing, and consequently that his failure to respond did not constitute a waiver of his right to a hearing.
 The classic formulation of the standard by which the adequacy of notice is to be judged was stated by the United States Supreme Court in Mullane v Central Hanover Trust Co. (339 US 306, 314): "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” We conclude that the notice given in this case meets that standard.
First, it is undisputed that the petitioner received the letter. Second, he was informed of the nature of the proceedings and the possible consequences that might ensue. Third, he was informed that he had a right to be heard on the matter at issue, and the precise steps that should be taken should he desire to exercise that right. And fourth, the notice was given in plain, simple language that would be understood by any person of normal perceptions and intelligence. Indeed, it would be difficult to imagine a more explicit statement than that with which the letter concluded: "Should you fail to properly explain your actions by July 21, 1978 your special riggers license will be revoked permanently.”
That other or more felicitous words might have been chosen does not make the letter any less of a notice to petitioner of his right to a hearing prior to his license revocation nor does it excuse the failure of the petitioner to act on the notice that was given.
The order of the Appellate Division should be reversed, without costs, and the judgment (denominated order) of the Supreme Court reinstated.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in Per Curiam opinion.
Order reversed, without costs, and the judgment of Supreme Court, New York County, reinstated.