In the Matter of JOHN J. SANTUCCI, as District Attorney of the County of Queens, Petitioner, v SEYMOUR ROTKER, as Justice of the Supreme Court, County of Queens, et al., Respondents. ▬

Petitioner, the District Attorney of Queens County, seeks to vacate an order of Supreme Court Justice Seymour Rotker. Petitioner contends that the determination that the criminal defendants were entitled to an order of preclusion was not supported by substantial evidence, and was an abuse of discretion. It is well established that the extraordinary remedy of prohibition "does not lie as a means of seeking a collateral review of an error of law, no matter how egregious that error might be, in a pending criminal proceeding, but only where the very jurisdiction and power of the court are in issue" (*Matter of Steingut v Gold,* 42 NY2d 311, 315). Excesses of jurisdiction and power arising in criminal actions which merit the abrupt intervention of prohibition always "invoke * * * unlawful use or abuse of the entire action or proceeding as distinguished from an unlawful procedure or error in the action or proceeding itself related to the proper purpose of the action or proceeding" (*Matter of State of New York v King,* 36 NY2d 59, 64). The respondent Judge had jurisdiction to issue a preclusion order as a result of petitioner's repeated failure to comply with a discovery order (CPL 240.70). Therefore, petitioner cannot now argue the merits of the preclusion order. Nor can he argue the propriety of the discovery order upon which it was based, as prohibition does not lie to prohibit disclosure which is within the court's power (*Matter of Mulvaney v Dubin,* 55 NY2d 668; *Matter of Santucci v Rotker,* 96 AD2d 858). Accordingly, the proceeding is dismissed. Mollen, P. J., Lazer, Mangano and Lawrence, JJ., concur.