■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BRYAN CLYDE, Respondent.—Appeals from orders, Supreme Court, New York County (Richard Failla, J.), entered February 20 and September 23, 1991, which granted defendant's motion to suppress physical evidence and dismissed the indictment, respectively, are unanimously dismissed, with leave to reinstate within one year of the entry of this order upon submission of proof of service of the People's brief upon defendant.

The appeals must be dismissed because defendant was not served with the People's brief. The fact that the People served defendant's trial counsel with their brief, does not constitute due process since, under 22 NYCRR 606.5 (1), his duty to represent defendant terminated with the conclusion of the proceeding in the trial court *(People v Miller,* 188 AD2d 399). Further, the Court has been advised by trial counsel that he has not been retained to represent defendant in this appeal. Concur—Murphy, P. J., Carro, Rosenberger, Ross and Asch, JJ.

■ In the Matter of JOHN P. ROYSTER, Appellant, v JAMES RODRIGUEZ et al., Respondents.—Judgment, Supreme Court, New York County (Norman C. Ryp, J.), entered on or about January 11, 1991, which, in a proceeding pursuant to CPLR article 78, denied petitioner's application to recover a chattel allegedly wrongfully taken from his former residence under State authority, and for damages in connection therewith, and dismissed the petition, unanimously affirmed, without costs.

The petition was properly dismissed on the grounds, *inter alia,* that the proceeding against respondent Rodriguez is barred by the doctrine of absolute immunity *(Arteaga v State of New York,* 72 NY2d 212, 216), that respondents Fields and Simanaca were never properly served, and that respondents Jacobs and Hanlon engaged in no wrongful conduct with respect to petitioner or his property. Concur—Murphy, P. J., Carro, Rosenberger, Ross and Asch, JJ.