(April 20, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MIGUEL DELAROSA, Respondent. [596 NYS2d 684] —The order of this Court entered on June 16, 1992 (M-1890), assigning counsel is vacated, and the People's appeal from an order of the Supreme Court, New York County (Rose Rubin, J.), entered on June 1, 1989, which, *inter alia,* dismissed the indictment

against defendant-respondent is dismissed without prejudice, and with leave to restore the appeal to this Court's calendar within one year from the date of this order upon proof of personal service of the People's appellate brief upon defendant-respondent.

Ross, J., concurs in a memorandum in which Milonas, J., concurs; Kupferman, J., concurs in a separate memorandum; and Sullivan, J. P., dissents in a memorandum, all as follows: Ross, J. (concurring).

The proceedings against Mr. DeLaRosa were initiated by the filing of a felony complaint on November 18, 1987 by which he was charged with criminal sale of a controlled substance in the first degree (Penal Law § 220.43). The ensuing indictment charged DeLaRosa, Jose Rosario and Amalia Chiong, with various counts of narcotics sale and possession. Ultimately, Amalia Chiong pleaded guilty to criminal facilitation in the second degree under the seventh count of the indictment on January 19, 1988 and, on June 7, 1988 was sentenced to five years probation. By order entered June 1, 1989 the indictment against Mr. DeLaRosa and his co-defendant Jose Rosario was dismissed on the grounds that the People failed to answer ready for trial within six months from the commencement of the action pursuant to CPL article 30.

The People appealed the order with respect to both Mr. DeLaRosa and Jose Rosario. By order of this Court entered June 11, 1992 [184 AD2d 302], the order appealed was reversed and the plea of guilty to the indictment was reinstated with respect to Mr. Rosario only. The appeal from the order was held in abeyance insofar as it related to Mr. DeLaRosa because no brief was filed on his behalf.

Pursuant to CPL 460.10 (1) (c) the People had served a notice of appeal upon Mr. DeLaRosa's trial counsel Andres M. Aranda. The People also served a motion to unseal the record and a copy of their brief upon said counsel. In response said trial counsel moved for assignment of appellate counsel for Mr. DeLaRosa. Counsel in support of that motion averred that his office had not heard from Mr. DeLaRosa since the indictment against him was dismissed. Furthermore, counsel stated that he did not know DeLaRosa's whereabouts, that his office had not been retained to represent Mr. DeLaRosa on the appeal and that neither he nor any of the other attorneys working in his office were members of the Assigned Counsel Plan, appellate panel. In response the People simply requested that this Court "take whatever action it deem[ed] appropriate under the circumstances".

Consequently, the abovesaid June 11, 1992 order of this Court also directed that appellate counsel be assigned to represent Mr. DeLaRosa with respect to the People's appeal. Appellate counsel was assigned by a subsequent order of this Court entered June 16, 1992. Said counsel was contacted by this Court and states that he has not located Mr. DeLaRosa and that to date Mr. DeLaRosa's whereabouts remain unknown.

The dilemma presented by this situation centers on Mr. DeLaRosa's right to be aware of the prosecution and continued pendency of proceedings which may result in the resumption of a criminal prosecution against him, upon his right to counsel to represent him on the appeal (see, People v Bachert, 69 NY2d 593) and upon his awareness of the assignment of counsel to represent him in those proceedings.

Since the accusatory instrument filed against Mr. DeLaRosa was dismissed, he as any other citizen, was free to go about his personal business without restriction. While CPL 460.10 (1) (c) provides the appellate court with jurisdiction to hear the People's appeal, it does not compel the respondent to appear. However, the statute does require the People to serve a copy of the notice of appeal upon the defendant or upon the attorney who last appeared for him in the court in which the order being appealed was entered. There is no provision in the statute that addresses service of the People's appellate brief on the respondent. Nevertheless, this Court's rules (22 NYCRR 600.11 [b] [2]) require that proof of service of a copy of the appellant's brief on the respondent be submitted. Moreover, even if our rules of practice had no such requirement, it is apparent that due process would require at the very least a diligent effort to effect such service.

Fundamentally, the Constitutions of both the United States and this State require that an individual, who is the subject of a criminal prosecution, not be deprived of the benefits of due process and be afforded adequate notice of the proceedings against him or her (US Const 5th, 6th Amends; NY Const, art I, § 6). Where the accusatory instrument has been dismissed, the filing of a notice of appeal and service of said notice on the individual's trial counsel, who may or may not still be engaged as the individual's counsel, without a diligent effort thereafter to serve the individual or his or her current appellate counsel with the appellant's brief, does not satisfy the fundamental constitutional requirements set out above. Furthermore, where, as here, the respondent's whereabouts have remained unknown since the dismissal of the indictment, we

cannot find that the individual's right to effective assistance of counsel on the appeal *(see, People v Bachert, supra)* is fully protected, by an assignment of counsel to that person in absentia. Such an assignment was improper, especially since Mr. DeLaRosa had apparently retained counsel in the trial court, albeit after counsel had initially been assigned to him and numerous adjournments had been entered, and may very well be able to afford the counsel of his choice on the appeal. This Court erred when it approved of an appellate counsel for Mr. DeLaRosa without his knowledge or request.

This Court has recently amended its rules in order to address the situation insofar as our jurisdiction allows *(see,* 22 NYCRR 600.8 [f], [g]; 606.5 [eff Feb. 1, 1993]). Subdivision (f) of 22 NYCRR 600.8, as added, states as follows: "An appeal taken by the People must be perfected by serving a copy of the appellant's brief upon respondent's appellate attorney or upon the respondent personally, if he or she is not represented by appellate counsel, within one year of the filing of the notice of appeal."

Subdivision (g) of 22 NYCRR 600.8, as added, provides: "An attorney who represents a defendant in the superior court and is a member of the Assigned Counsel Plan appellate panel, with defendant's written consent, may apply to the Appellate Division for appointment as appellate counsel."

In addition to the above, subdivision (a) (1) of 22 NYCRR 606.5 has been amended to provide that it shall be the duty of counsel assigned or retained for the defense of a defendant in a criminal action or proceeding to represent defendant in the trial court until the proceeding has been terminated in that court.

With respect to the case at bar we are mindful of the long period of time that elapsed between the filing of the notice of appeal and the purported perfection of the appeal by the People. We note however that this case pre-dates the above-stated amendments to our rules.* Therefore we conclude that the People's appeal with respect to Mr. DeLaRosa should be dismissed, with leave to restore the matter to this Court's calendar within one year from the date hereof, upon proof that Mr. DeLaRosa has been served with the People's appellate brief.

Accordingly, this Court's prior order in this matter (M-1890), entered June 16, 1992, which assigned appellate counsel

---

* We note also that the amendments are to be applied prospectively.

to Mr. DeLaRosa is vacated and the People's appeal from the order of Supreme Court, New York County (Rose Rubin, J.), entered June 1, 1989, which, *inter alia,* dismissed the indictment against defendant DeLaRosa, is dismissed without prejudice, and with leave to restore the appeal to this Court's calendar within one year from the date hereof, upon proof of personal service of the People's appellate brief upon Mr. DeLaRosa.

Kupferman, J. (concurring).

While the concerns expressed by Justice Sullivan are real and his analysis valid and I fear we put a premium on a defendant frustrating an appeal by simply becoming unavailable for one year (or undoubtedly less because it dates from the filing of the notice of appeal not its perfection, under our recently adopted rule, 22 NYCRR 600.8 [f]), I am, nonetheless, constrained to join the majority by reason of the Court's policy decision in said rule.

Sullivan, J. P. (dissenting).

Since I do not believe that dismissal of this appeal is either warranted or justified, I dissent. The majority, citing the policy underlying this Court's newly promulgated rule (22 NYCRR 600.8 [f]),[1] dismisses the appeal for the reason that the defendant-respondent was never personally served with a copy of the People's brief. There can be no dispute, however, that the People, on or about June 23, 1989, served a timely notice of appeal on defendant's trial attorney.

In the case of a People's appeal, CPL 460.10 (1) (c) provides for the service of a copy of a notice of appeal "upon the defendant or upon the attorney who last appeared for him in the court in which the order being appealed was entered." This provision, when complied with, as here, provides this Court with jurisdiction to determine the appeal. Once jurisdiction is obtained, neither this respondent nor, for that matter, any respondent, in a criminal or civil case, can, merely by being unavailable for personal service upon him of a copy of the appellant's brief, deprive an appellant of his or her right of appeal or divest this Court of jurisdiction to decide the matter. Nor can any court rule or policy undercut a right statutorily conferred. As for the majority's due process concerns with respect to defendant's right to notice of the contin-

---

1. This section provides that "[a]n appeal taken by the People must be perfected by serving a copy of the appellate's brief upon respondent's appellate attorney or upon respondent personally, if he or she is not represented by appellate counsel, within one year of the filing of the notice of appeal."

ued prosecution of this matter, once service of the notice of appeal is effected, defendant, through trial counsel, his statutory agent for such service *(see,* CPL 460.10 [1] [c]), is on notice of the pendency of the appeal. That is all that is required.

The problem in this and other similarly situated criminal appeals arises when, after proper service of a notice of appeal of a dismissal of an indictment or other appealable, dispositive intermediate order *(see,* CPL 450.20, 450.50), the defendant, whether indigent and represented at the trial level by court-assigned counsel[2] or represented by private counsel, does not, as is often the case, seek the appointment of or retain appellate counsel and the People are unable to locate the defendant to serve him or her with a copy of their brief. There is no statutory provision for service of an appellate brief by the People in such a case. Our recently published rule, section 600.8 (f), was promulgated to address this concern. Our preexisting rule, section 600.11 (b) (2) (22 NYCRR 600.11 [b] [2]), requires proof of service of an appellant's brief before such a brief can be filed with the Court, and due process would require at least an attempt at such service upon an unrepresented respondent.

Concededly, service on trial counsel who is not authorized to proceed further does not assure that an answering brief will be filed or satisfy section 600.11 (b) (2). And, in any event, acceptance of a brief is not trial counsel's function, his service terminating, in the case of a dismissal of an indictment or suppression of evidence where the People are unable, in view of such suppression, to present sufficient evidence *(see,* CPL 450.20, 450.50), 30 days after service upon him of a copy of the dispositive order.

None of this is to say, however, that a defendant-respondent who is no longer represented by counsel and is unavailable for personal service upon him of an appellate brief can frustrate the appellate process merely by virtue of the fortuitous circumstance that his current whereabouts are unknown. After all, the requirement of service of a brief is not jurisdictional but, rather, one of notice. Perhaps the solution is to fashion a rule that in the case of service of a People's notice of appeal upon the attorney who last appeared for the defendant in the trial court, as authorized by CPL 460.10 (1) (c), it shall be the duty of said attorney to notify the client, in writing, of the

---

2. Legal Aid's appeals bureau routinely accepts notices of appeal in People's appeals as well as service of the People's appellate briefs in cases where Legal Aid represented the defendant at the trial level.

fact that such an appeal has been taken and to advise him of his right (1) to retain counsel to represent him on the appeal; or (2) to respond, *pro se,* to the appeal, or (3), upon proof of indigency, to seek the appointment of counsel. Such a rule would, it seems to me, satisfy the Court's due process concerns without subjecting the People to the onerous and unrealistic burden of personal service on a defendant-respondent whose current whereabouts are unknown.

In any event, in this case, the attorney who represented defendant in the trial court, after service upon him of a copy of the People's brief, moved for the appointment of counsel, which relief this Court granted by order entered June 16, 1992. While appointed appellate counsel has had no contact with defendant, having been advised by trial counsel that the latter had no knowledge as to defendant's whereabouts and that he had not heard from him since his release, appellate counsel is prepared, as he notes, "to zealously defend the People's appeal".

In that regard, the majority's finding that the assignment of appellate counsel was improper since defendant was able to retain counsel at the trial level ignores the fact that it was trial counsel who moved for the assignment of appellate counsel. In any event, since he has failed to keep himself apprised of the continued prosecution of his case, defendant can hardly be heard to complain of an assignment of counsel to protect his interests.

Accordingly, I would direct the People to serve appointed counsel with a copy of their brief and permit the appeal to go forward in normal course.

