■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DERRICK HERNANDEZ, Respondent. [621 NYS2d 810] —Appeal by the People from so much of an order of the Supreme Court, Queens County (Robinson, J.), dated November 9, 1992, as granted that branch of the defendant's omnibus motion which was to dismiss Queens County Indictment No. N12225/92 on

the ground that it was not supported by legally sufficient evidence before the Grand Jury.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's omnibus motion which was to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

The relevant facts regarding the dismissal of the indictment against the defendant are fully set forth in the decision and order issued with respect to his codefendant (see, People v Crawford, 210 AD2d 498 [decided herewith]). For the same reasons set forth in that decision and order, we find that the Supreme Court erred in dismissing the indictment with respect to this defendant, and we accordingly reverse and reinstate the indictment against him as well.

We find unpersuasive the contention of the defendant's counsel that this appeal by the People should be dismissed because the defendant's whereabouts are unknown and there is no proof that he was personally served with a copy of the People's appellate brief. Pursuant to CPL 460.10 (1) (c), the People were authorized to serve the notice of appeal upon the defendant's trial counsel, and this service conferred jurisdiction on this Court to determine the appeal. Moreover, pursuant to the rules of this Court, the defendant's assigned trial counsel continued to represent the defendant on this appeal and was required to notify the defendant that an appeal had been taken (see, 22 NYCRR 671.3 [e], [f]). Accordingly, service of the People's brief upon the defendant's counsel under these circumstances satisfied due process. Indeed, counsel has engaged in motion practice on the defendant's behalf in this court and has submitted a respondent's brief on this appeal. We note in this regard that reliance by the defendant's counsel upon a line of decisions of the Appellate Division, First Department, to support his contention is misplaced. While the Appellate Division, First Department, in each of those cases dismissed appeals by the People for lack of personal service of the appellate brief upon the defendant (see, People v Fernandez, 198 AD2d 96; People v DeLaRosa, 192 AD2d 403; People v Gonzalez, 191 AD2d 292; People v Basilis, 191 AD2d 244; People v Pena, 191 AD2d 170; People v Clyde, 189 AD2d 577; People v Miller, 188 AD2d 399), those decisions are premised on that court's own rules which, unlike the rules of this Court, do not provide for continued representation of a defendant by his assigned trial counsel on an appeal by the

People. Hence, the rules of the Appellate Division, First Department, provide that the perfection of an appeal by the People requires proof of service of the appellant's brief upon the defendant personally where he is not represented by counsel *(see,* 22 NYCRR 600.8 [f]). Since our own Court rules provide for the continued legal representation of the defendant on a People's appeal, no similar requirement of personal service upon the defendant is necessary in the Second Department.

Furthermore, counsel's contention that the defendant has been deprived of notice and an opportunity to participate in the appeal is belied by the facts of this case. The record demonstrates that the indictment was dismissed with leave to resubmit the matter to the Grand Jury. Pursuant to CPL 210.45 (9), such a dismissal is "deemed to constitute an order holding the defendant for the action of a grand jury" and "must be accompanied by a securing order either releasing the defendant on his own recognizance or fixing bail or committing him to the custody of the sheriff pending resubmission of the case to the grand jury". Under these circumstances, we find it highly unlikely that the defendant left custody with the genuine belief that he was free from all further proceedings and no longer needed to maintain contact with his counsel. Likewise, we find it extremely improbable that the defendant was unaware of the likelihood of further proceedings against him, or that his counsel failed to apprise him of the possibility of such proceedings. Hence, his present unavailability, whether or not the product of some strategic design, cannot be permitted to frustrate either the People's rights or the appellate process itself.

Finally, we have considered the contention of the defendant's counsel regarding his request for disclosure of the Grand Jury minutes and, upon review of those minutes *(see generally,* CPL 210.30 [3]), we conclude, in the exercise of our discretion, that the minutes should not be disclosed. Sullivan, J. P., Lawrence, Ritter and Joy, JJ., concur.