*681 OPINION OF THE COURT
Levine, J.
 The issues on these appeals are whether in a criminal appeal taken by the People, due process mandates that the defendant be personally served with the People’s brief and, if not, whether the Appellate Division, First Department, may adopt such a requirement pursuant to its rule-making authority.[1] We hold that due process does not require that the defendant be personally served with the People’s appellate briefs and that the Appellate Division acted outside its rule-making authority in adopting such a rule. Consequently, we reverse the Appellate Division orders dismissing each of the People’s appeals, reinstate those appeals, and remit the matters to that Court.

People v Cary Fernandez

Defendant Cary Fernandez was indicted on July 25, 1991, for conspiracy in the second degree. The indictment charged that Fernandez offered to hire Lloyd Pennington and Otis Edwards to kill Muradiya Ibralmovic. On September 19, 1991, defense counsel, an attorney employed by the Legal Aid Society, filed a motion to dismiss the indictment pursuant to CPL 30.30. Supreme Court granted the motion and dismissed the indictment on the ground that Fernandez was denied her statutory right to a speedy trial.
The People filed a notice of appeal on October 29, 1991, and served the notice by mail upon the Society’s Criminal Appeals Bureau. In November 1992, the People filed their brief and appendix in the Appellate Division and served the documents on the Society. The Society had no contact with Fernandez since the indictment was dismissed, however, and had no knowledge of her whereabouts. Moreover, Fernandez had not *682 expressly requested or consented to the Society’s representation of her on appeal.
In August 1993, the Society filed a brief for defendant Fernandez arguing, among other things, that the People’s appeal should be dismissed because the People’s brief had not been personally served on defendant, thereby depriving defendant of due process and adequate notice of the proceedings against her. In November 1993, the Appellate Division, citing its decision in People v DeLaRosa (192 AD2d 403, lv granted 81 NY2d 1082, appeal withdrawn 82 NY2d 750), dismissed the appeal because the defendant was not personally served with the People’s brief (198 AD2d 96).

People v Ariel Pena

Defendant Ariel Pena was indicted on September 24, 1987, for criminal possession of a weapon in the third degree. At the time of his alleged crime Pena was a suspended correction officer. On January 8, 1988, Pena’s attorney moved to dismiss the indictment on the ground that despite defendant’s suspension, he enjoyed a peace officer’s exemption from weapons offenses pursuant to Penal Law § 265.20. Supreme Court dismissed the indictment, relying on its recent decision of People v Epperson (137 Misc 2d 146).
The People filed a notice of appeal in February 1988, and served the notice of appeal on defendant Pena’s trial attorney. In September 1992, the People served its appellate brief on both trial counsel and defendant by mail.
Effective February 1, 1993, the Appellate Division amended its rules concerning appeals by the People in criminal cases, and adopted subdivision (f) of 22 NYCRR 600.8. In November 1993, the Appellate Division dismissed the People’s appeal for failure to comply with 22 NYCRR 600.8 (f), with leave to reinstate upon proof of service of the appellant’s brief upon defendant by March 2,1994 (198 AD2d 101).

People v Raymond Ramos

Defendant Raymond Ramos was indicted on November 30, 1990, for criminal sale of a controlled substance in the third degree and other related crimes. Defendant’s attorney moved to suppress evidence seized from defendant at the time of his arrest. Supreme Court granted defendant’s motion on a finding that probable cause for arrest was lacking.
The People filed a notice of appeal on March 29, 1991, and mailed the notice of appeal to defendant’s trial counsel. After *683 obtaining an order from the Appellate Division enlarging their time to appeal, the People filed their appellate papers on April 1, 1993. The People also served their brief and notice of issue on defendant’s trial counsel by hand, and mailed the papers to defendant’s last known address. One day later, the People sent additional copies of their brief to defendant’s last known address by certified mail. That mailing was returned, stamped "addressee unknown,” in May 1993.
Meanwhile, defendant Ramos’s trial counsel moved to have an appellate attorney assigned to the case. In June 1993, the Appellate Division appointed Richard M. Weinstein as defendant’s appellate counsel and Mr. Weinstein subsequently filed a brief on defendant’s behalf. In November 1993, however, the Appellate Division dismissed the People’s appeal for failure to comply with 22 NYCRR 600.8 (f) (198 AD2d 197).
By separate motions, the People sought leave to appeal from each of the Appellate Division orders of dismissal. By separate orders, individual Judges of this Court granted the People’s motions.[2]
L
The first issue, raised by the appeal in People v Fernandez, is whether due process requires the People to personally serve their appellate brief on defendant before they may exercise their statutory right to appeal. We hold unanimously that it does not.
The Constitutions of both the United States and this State require that an individual, who is the subject of a criminal prosecution, be accorded procedural due process, including adequate notice of the proceedings against him or her (US Const 5th, 6th, 14th Amends; NY Const, art I, § 6). The notice due process requires is notice reasonably calculated, under all of the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to *684 present their objections (Mullane v Central Hanover Trust Co., 339 US 306, 314; Silverstein v Minkin, 49 NY2d 260, 263). Personal notice is always adequate, but it is not indispensable in all the circumstances (Congregation Yetev Lev D’Satmar v County of Sullivan, 59 NY2d 418, 423). Due process requires only that the notice be appropriate to the nature of the case without creating impossible or impractical obstacles to concluding the proceeding (id.).
In the case of a People’s appeal, CPL 460.10 (1) (c) provides for service within 30 days of a copy of a notice of appeal "upon the defendant or upon the attorney who last appeared for him in the court in which the order being appealed was entered.” Amicus and counsel for defendant Ramos do not argue here that service of the notice of the appeal upon the defendant’s trial counsel pursuant to CPL 460.10 (1) (c) is inadequate to apprise the defendant of the pendency of the People’s appeal. Rather, it is argued that due process entitles the defendant to the additional step of personal service of the People’s appellate briefs. It is contended that given the often long delay between the service of the notice of appeal and actual perfection, if at all, of the People’s appeal, the People’s appellate briefs must be personally served upon defendant so as to provide notice that the appeal is going forward and to protect defendant’s rights on appeal. We disagree.
Determining whether additional process is due in any particular proceeding requires balancing the interests of the State against the individual interest sought to be protected (Mathews v Eldridge, 424 US 319, 334; see also, Congregation Yetev Lev D’Satmar, 59 NY2d, at 423, supra). Identification of what process is due requires consideration of three distinct factors: (1) the private interest that will be affected by the official action, (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards, and (3) the government’s interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail (Mathews, supra, at 335). Applying this analysis, we conclude that due process does not require the additional process imposed by the Appellate Division.
Concededly, defendants have important interests at stake on a People’s appeal. Given the consequences of a reversal and the possible resumption of criminal proceedings, the defendant *685 certainly has an interest in being informed that the People’s appeal is pending and continuing. Moreover, as correctly noted by the Appellate Division in People v DeLaRosa (192 AD2d 403, supra), other rights requiring protection upon the People’s appeal include the right to appellate counsel of the defendant’s own choice, the right to appear pro se on the appeal, and the right to seek appointment of counsel upon proof of indigency (see, People v Bachert, 69 NY2d 593, 596; see also, People v Vasquez, 70 NY2d 1, 4). As also noted in DeLaRosa, a risk of the deprivation of a defendant’s rights upon the People’s appeal exists when, as here, the defendant’s whereabouts are unknown at the time the People finally perfect their appeal.
The value of the additional procedural safeguard imposed by the Appellate Division, and urged by amicus and appellate counsel here, in protecting a defendant’s rights on appeal is limited. The parties do not challenge the adequacy of CPL 460.10 (1) (c) notice, but seek the additional notice that would be afforded by the personal service of the People’s appellate brief upon defendant. However, personal delivery of the People’s brief to the vast majority of defendants, unfamiliar with the intricacies of criminal appellate practice, would only be of limited value in protecting defendants’ rights absent further consultation with and advice from counsel. We unanimously agree that due process does not require such a result.
Balanced against the defendant’s interest in being made personally aware of the perfection of the People’s appeal is the People’s statutory right to seek appellate review in criminal cases (see generally, CPL art 450). The statutory right necessarily implicates the People’s interest in overturning erroneous determinations and prosecuting criminal cases to their ultimate conclusion. The additional requirement that the People personally serve their appellate brief upon the defendant imposes a significant burden on the People and, as illustrated here, may constitute an insurmountable obstacle to concluding the appeal.
As part of the balance required by a due process analysis we note that a defendant’s interests may be more effectively protected by methods far less burdensome than requiring personal service of the People’s appellate brief and, failing that, dismissal of the appeal. CPL 460.10 (1) (c) reflects the Legislature’s policy determination to extend trial counsel’s agency until service of the People’s notice of appeal. It is *686 implicit in this determination that trial counsel would advise the defendant of the existence and consequences of the People’s right to appeal and the defendant’s rights upon such an appeal including the right to retain or, if indigent, be assigned appellate counsel. Such a procedure provides far more comprehensive effective protection of the defendant’s interests than the more onerous requirement of personal service of the People’s appellate brief. It also places a minimally burdensome duty of protecting defendant’s interests upon the parties most familiar with the defendant, the defendant’s habits and whereabouts, and the defendant’s defense, that is, defense counsel who obtained the favorable disposition appealed by the People and the defendant him or herself..
Due process also does not require dismissal of the People’s appeal in the event the procedures described above are not followed. In the context of an indigent defendant’s right to appeal a conviction, we have held that the defendant’s right could not be dissipated either because the defendant was unaware of its existence or counsel failed to abide by a promise to either file or prosecute an appeal (see, People v Montgomery, 24 NY2d 130, 132-133). Consequently, we held that defendant was entitled to a hearing to determine whether he was informed of his right to appeal and, if not, to resentencing so that his time to appeal might run anew (id., at 133-134). Similarly, the People’s right to appeal cannot be completely precluded by counsel’s failure to advise defendant of his or her rights upon the People’s appeal. Proceedings less drastic than the dismissal of the People’s appeal are available to remedy such a failure and ensure that defendant’s rights are adequately protected (cf., People v Bachert, 69 NY2d 593, supra).
In any event, once the People have complied with the statutory notice requirements under CPL 460.10, defendant is on notice of the pendency of the appeal. Due process does not require that the People subsequently personally serve their appellate papers upon the defendant before the appeal may be perfected. Thus, the Appellate Division order in People v Fernandez should be reversed.
II.
The second issue, raised by the appeals in People v Pena and People v Ramos, is whether the Appellate Division can nevertheless require the People to personally serve their *687 appellate brief on the defendant pursuant to its rule-making authority. We hold that the Appellate Division lacks the authority to impose such a rule.
The respondents cite two sources for the Appellate Division’s authority to impose section 600.8 (f): NY Constitution, article VI, § 30 and CPL 460.70 (1). The section of the State Constitution provides:
“Nothing herein contained shall prevent the adoption of regulations by individual courts consistent with the general practice and procedure as provided by statute or general rules.”
CPL 460.70 (1) states:
“the mode of and time for perfecting an appeal which has been taken to an intermediate appellate court from a judgment, sentence or order of a criminal court are determined by rules of the appellate division of the department in which such appellate court is located. Among the matters to be determined by such court rules are the times when the appeal must be noticed for and brought to argument, the content and form of the records and briefs to be served and filed, and the time when such records and briefs must be served and filed.”
Undeniably, these sources of broad judicial rule-making authority do not afford carte blanche to courts in promulgating regulations. The Constitution only permits court rule making “consistent with the general practice and procedure as provided by statute or general rules” (NY Const, art VI, § 30). In McQuigan v Delaware, Lackawanna & W. R. R. Co. (129 NY 50) we limited judicial rule-making governing procedures as follows:
“The doctrine that courts have an inherent jurisdiction to mould the proceedings to meet new conditions and exigencies, is true, but in a limited sense. They cannot, under cover of procedure or to accomplish justice in a particular case, invade recognized rights of person or property” (id., at 55).
Thus, a court may not significantly affect the legal relationship between litigating parties through the exercise of its rule-making authority (see, Gair v Peck, 6 NY2d 97, 104). Further *688 more, no court rule can enlarge or abridge rights conferred by statute (see, Broome County Farmers’ Fire Relief Assn. v New York State Elec. & Gas Corp., 239 App Div 304, 306, affd 264 NY 614), and this bars the imposition of additional procedural hurdles that impair statutory remedies (see, Chase Watch Corp. v Heins, 284 NY 129; cf., Matter of Brusco v Braun, 84 NY2d 674, 682).
In providing for an absolute right of personal service of the People’s brief, section 600.8 (f) is clearly not "consistent with the general practice and procedure as provided by statute or general rules” (NY Const, art VI, §30). Indeed, the rule is completely out of step with every other statute or rule concerning service of appellate papers. In criminal cases, a notice of appeal may be served on trial counsel alone (CPL 460.10 [1] [c]; [2], [3] [b]). In the case of an expedited criminal appeal, service of the brief upon trial counsel alone suffices (22 NYCRR 105.3, 105.4). Service upon an "adverse party” of a civil appellate brief is satisfied by service on counsel (CPLR 2103 [b]; 5530 [a]). CPL 470.60 (2), prescribing the procedure for the People’s motion to dismiss defendant’s appeal, authorizes service on a defendant "by ordinary mail at his last known place of residence * * * and similar notice must be served upon the attorney, if any, who last appeared for him.” And this Court, as well as the other three Departments of the Appellate Division, does not require the People to serve their brief personally upon an unrepresented defendant in order to perfect their appeal.[3]
The Appellate Division rule also undermines the rights of the People conferred by statute. The Legislature has not only afforded the People a right of appeal but also has given substance to that right by providing for service of the notice of appeal on trial counsel alone, thereby apprising defendant of the pendency of the appeal. Surely the People, by errors or omissions over which they have some ability to control, can subsequently forfeit the right to appeal, and the Appellate Division can make rules for the processing and perfection of appeals that, if disregarded by the People, result in the People’s forfeiture of their right. But the rule in issue functions differently: it permits the defendant, although already *689 on notice of appeal, to forfeit, or defeat, the People’s statutory right by conditioning the People’s ability to comply with the rule on the conduct of the defendant, conduct over which the People have absolutely no ability to control.
CPL 460.70 (1) may well vest the Appellate Division with power to provide for the method of service of appellate papers under the general authority to prescribe "the mode of and time for perfecting an appeal” (id.), in addition to the express statutory power to determine by rule matters such as "the content and form of the records and briefs to be served and filed, and the time [for service thereof]” (id.). The rule under consideration here, however, has never been justified on the ground that it is merely "an integral part of the [Appellate Division’s] legitimate case management control”, as the dissent suggests (dissenting opn, at 691). Rather, as Justice Ross candidly explained in People v DeLaRosa (supra), and as the briefs of amicus and appellate counsel for defendant Ramos assert, section 600.8 (f) embodies the Appellate Division’s perception that it was necessary to implement a defendant’s due process right to personal notice of the People’s appeal. This is the only purpose of the rule identified by respondents.
That section 600.8 (f) was intended as a substantive jurisdictional prerequisite to the exercise of the People’s statutory right to appeal is demonstrated by the fact that, in People v Pena, the Court applied the rule to dismiss an appeal that had been perfected some four months before the rule’s effective date, and in accordance with the Court’s then applicable perfection regulations. And in People v Fernandez, the People’s appeal, perfected three months before the rule’s effective date, was dismissed solely under the authority of People v DeLaRosa (supra).
Thus, section 600.8 (f) is inconsistent with general practice, clearly alters the balance of the respective legal positions of the parties to the appeal (Gair v Peck, supra), and significantly jeopardizes the People’s statutory right to appeal (McQuigan v Delaware, Lackawanna, & W. R. R. Co., supra; Broome County Farmers’ Fire Relief Assn., supra). As such, it was beyond the Appellate Division’s constitutional and statutory rule-making authority. For that reason, the Court below could not dismiss the People’s appeals in People v Pena and People v Ramos on the basis of the People’s failure to comply with section 600.8 (f).
Accordingly, in each case, the order of the Appellate Division should be reversed, the appeal to that Court reinstated, *690 and the case remitted to that Court for prosecution of the appeal.

. The Appellate Division, First Department, rule at issue provides: "An appeal taken by the People must be perfected by serving a copy of the appellant’s brief upon respondent’s appellate attorney or upon the respondent personally, if he or she is not represented by appellate counsel, within one year of the filing of the notice of appeal” (22 NYCRR 600.8 [¶] [eff Feb. 1, 1993]).

. On September 22, 1994, this Court, on its own motion, assigned Richard M. Weinstein to represent defendant Ramos, without prejudice to any rights and arguments sought to be advanced or preserved on defendant’s behalf, and granted Legal Aid Society amicus curiae status in all three appeals. Thus, while defendants Fernandez and Pena are not technically represented on these appeals, arguments are being advanced on their behalf by the Society. Similarly to defendant Ramos, the arguments being advanced by amicus on Fernandez and Pena’s behalf are without prejudice to any rights and arguments sought to be advanced or preserved on their behalf.

. See, 22 NYCRR 500.5 (d); 500.10 (Court of Appeals); 670.8 (a); 670.12 (a); 671.3 (d), (e), (f) (additional duties of defense counsel in the trial court) (Second Department); 800.14 (b), (h) (3) (i) (expedited appeals) (Third Department); 1000.5 (b), (c), (g) (1) (Fourth Department); 105.3 (expedited appeals) (Rules of the Chief Administrator).