■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CARY FERNANDEZ, Respondent. [629 NYS2d 743] —Upon remitti-

tur from the Court of Appeals (*People v Ramos*, 85 NY2d 678), order, Supreme Court, New York County (James Leff, J.), entered October 23, 1991, which granted defendant's motion pursuant to CPL 30.30 to dismiss the indictment, unanimously reversed, on the law and the facts, and the indictment reinstated.

Defendant was arrested on January 30, 1991, and charged with conspiracy in the second degree in connection with her attempt to hire two homeless men to kill her lover's wife. She was arraigned on a felony complaint on January 31, 1991 and 175 days later, on July 25, 1991, an indictment was returned against the defendant. The People concede that the 175-day period from the arraignment to the return of the indictment is chargeable to them. It is not disputed and defendant in fact concedes, that the People served and filed their Certificate of Readiness on July 25, 1991 as well.

It is well settled that the People have six months, plus any time periods excludable under CPL 30.30, from the commencement of a criminal action to announce ready for trial (*People v Sinistaj*, 67 NY2d 236, 239). Given that there is no dispute regarding the 175 days which elapsed from the filing of the felony complaint to the service and filing of the People's Certificate of Readiness, our concern here is with only whether any of the so-called "postreadiness delay" which occurred in this case is chargeable to the People.

Review of the record demonstrates that the adjournment for the period from July 25, 1991 to August 28, 1991 was granted with the defendant's consent and is therefore not chargeable to the People (CPL 30.30 [4] [b]). On August 28, 1991 the court adjourned the case to September 19, 1991 for defense motions. This time period is of course not chargeable to the People (CPL 30.30 [4] [a]). Defendant filed an omnibus motion on September 19, 1991 and, while there is an indication in the court's notes that the matter was adjourned to October 23, 1991 for "response", a copy of the People's response papers, included in the record before this Court, bears a date stamp showing that the papers were received in Supreme Court, Part 67 on October 3, 1991. Moreover, defense counsel concedes that a copy of the People's response was served upon him on October 4, 1991. Therefore, the maximum number of days chargeable to the People in this case is 177 days. Any delay from October 5 through October 23, 1991 is not chargeable to the People as defendant's omnibus motion and response papers were both before the court (CPL 30.30 [4] [a]). Concur—Ellerin, J. P., Wallach, Rubin and Ross, JJ.