OPINION OF THE COURT
George R. Bartlett III, J.
On May 28, 1997, the Schoharie County Grand Jury, in a single indictment (97-13), charged defendants Donna Arroyo, Cary Wayne McKinley and Daniel Edwards with murder in *650 the first and second degrees, conspiracy in the second degree and criminal possession of a weapon in the second degree in the shooting death of Frank Arroyo on May 12, 1997. Defendant Arroyo was also charged with criminal solicitation in the second degree. Notice of intent to seek the death penalty was filed by the District Attorney against all three defendants, and was withdrawn in the case of Cary McKinley.
The defendant moves to strike the death penalty on the ground that he was not personally served with the notice of intent to seek the death penalty pursuant to CPL 250.40. The motion is denied in all respects.
The defendant’s attorney was served with the notice in a timely manner; the defendant himself was not personally served.
The statute reads:
“1. A sentence of death may not be imposed upon a defendant convicted of murder in the first degree unless, pursuant to subdivision two of this section, the people file with the court and serve upon the defendant a notice of intent to seek the death penalty.
“2. In any prosecution in which the people seek a sentence of death, the people shall, within one hundred twenty days of the defendant’s arraignment upon an indictment charging the defendant with murder in the first degree, serve upon the defendant and file with the court in which the indictment is pending a written notice of intention to seek the death penalty.” (CPL 250.40.)
This statute serves a legitimate due process purpose. The notification converts a first degree murder charge into a capital case with its special jury selection and sentencing procedures. Timely notification to the defendant that he is potentially facing the death penalty provides the defendant with an opportunity to prepare a defense commensurate with the magnitude of the potential penalty involved. (See, Lankford v Idaho, 500 US 110, 120-124.) The statute itself provides the defendant with an extra 60 days in which to make new motions or supplement pending motions. (CPL 250.40 [3].)
Both the State and Federal Constitutions require that a defendant be accorded procedural due process, including adequate notice of the proceedings against him or her. (US Const 5th, 6th, 14th Amends; NY Const, art I, § 6.) In People v Ramos (85 NY2d 678, 683-684), the Court of Appeals instructs:
“The notice due process requires is notice reasonably calculated, under all of the circumstances, to apprise the *651 interested parties of the pendency of the action and afford them an opportunity to present their objections (Mullane v Central Hanover Trust Co., 339 US 306, 314; Silverstein v Minkin, 49 NY2d 260, 263). Personal notice is always adequate, but it is not indispensable in all the circumstances (Congregation Yetev Lev D’Satmar v County of Sullivan, 59 NY2d 418, 423) * * *
“Identification of what process is due requires consideration of three distinct factors: (1) the private interest that will be affected by the official action, (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards, and (3) the government’s interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail [citing Mathews v Eldridge, 424 US 319, 335].”
The court may depart from the literal construction of a statute when the legislative intent is nevertheless sustained. (McKinney’s Cons Laws of NY, Book 1, Statutes § 111.) Statutes are to be given a reasonable construction since the Legislature intends a reasonable result. (McKinney’s Cons Laws of NY, Book 1, Statutes § 143.) Words may be given an enlarged meaning in order to carry out the intention of the lawmakers. (McKinney’s Cons Laws of NY, Book 1, Statutes § 230.)
The defendant does not complain of lack of notice or of adequacy of notice. His hyper-technical complaint is with the manner of giving notice, and he makes no allegation whatsoever of prejudice. Indeed, defendant’s attorney was timely served and the defendant was afforded the additional time for making motions. A literal reading of CPL 250.40 would require the defendant to be personally served with the notice of intent. Under the circumstances herein such literal reading would prevent the State from pursuing this matter as a capital case merely because the prosecutor served the defendant’s attorney with the notice, rather than the defendant. Clearly, such an unreasonable result is not what the Legislature intended.
The defendant’s interest in being made personally aware of the prosecutor’s intention is to ensure that his statutory and constitutional rights are protected in the enhanced context of a capital case. This interest is well protected by service of the notice upon the defendant’s attorney, the person most likely to appreciate the legal significance of the notice. (People v Ramos, supra, at 685-686.) The defendant has been represented by counsel specially trained in capital case law and appointed *652 under Judiciary Law § 35-b from the commencement of the prosecution to the present. Defense counsel is well versed in the defendant’s defense. The extensions of time for filing the notice of intent were stipulated to by the defendant’s attorney acting on behalf of the defendant and with his consent. Defense counsel and the defendant were well aware of the potential for the prosecutor’s filing the notice. The defendant argues that with service upon the attorney, a defendant may have to wait some hours before he is made aware by his attorney of the filing of the notice, and this wait may cause some discomfort. However, the wait and concomitant anxiety do not constitute a deprivation of due process or any other constitutional right.
Furthermore, balancing the defendant’s interests in receiving his full due process rights connected with the capital election against the State’s interest in pursuing the matter as a capital case, the court finds that the defendant’s interests have been completely protected by his attorney’s receipt of service. Since the defendant has not been hurt, due process does not require that the State be penalized because the prosecutor served the defendant’s attorney with the notice. There is no due process violation where the defendant has received adequate notice and has had and continues to have a meaningful opportunity to respond. (People v Waite, 243 AD2d 820.)
Consequently, the court finds that under the circumstances herein the words “serve upon the defendant” include service upon the defendant’s attorney and the statutory notice requirement has been satisfied by the timely service of the defendant’s attorney on his behalf.