■ CITIMORTGAGE, INC., Respondent, v LEAH ROSENTHAL, Appellant, et al., Defendants. [931 NYS2d 638]—

In 1988 the defendant Leah Rosenthal (hereinafter the defendant) executed a note to borrow the sum of $150,000 from Gelt Funding, Inc. (hereinafter Gelt Funding). The note was secured by a mortgage on the defendant's property located in Monsey, New York. Gelt Funding thereafter assigned the mortgage and note to First Nationwide Bank. In 1994 First Nationwide Bank assigned the mortgage and note to First Nationwide Corporation. On April 3, 2008, First Nationwide Corporation assigned the mortgage and note to the plaintiff, CitiMortgage, Inc. (hereinafter CitiMortgage).

On July 23, 2008, CitiMortgage commenced this foreclosure action, alleging that it was the holder of the mortgage and note, and that the defendant had defaulted upon her payment obligation as of March 1, 2008. In August 2008 the defendant interposed a verified answer, wherein she alleged that the complaint "failed to state a basis for a claim upon which relief can be granted." In April 2009 the Supreme Court granted CitiMortgage's motion for summary judgment and to appoint a referee to compute the sums due and owing under the note and mortgage. On July 1, 2009, the Supreme Court signed a judgment of foreclosure and sale. In or around May 2010, CitiMortgage assigned the mortgage and note to PennyMac Loan Services LLC (hereinafter PennyMac). The public sale of the mortgaged premises was scheduled to take place on July 21, 2010, but was stayed by the Supreme Court when it signed the defendant's order to show cause seeking, inter alia, to vacate the judgment of foreclosure and sale. The defendant appeals from the order denying her motion, and we affirm.

In support of her motion, the defendant proffered, for the first time, a purported assignment of the mortgage and note dated August 1, 1990, from First Nationwide Bank to Federal Home Loan Mortgage Corporation. She contended that this unrecorded assignment demonstrated that CitiMortgage had no standing to commence this action. Specifically, she maintained that the 1990 assignment invalidated the 1994 assignment from First Nationwide Bank to First Nationwide Corporation and the 2008 assignment from First Nationwide Corporation to Citi-

Mortgage because, after August 1990, First Nationwide Bank had no rights under the note and mortgage to assign. The defendant failed to explain how and when she obtained the 1990 assignment document or why it was unrecorded.

"In order to commence a foreclosure action, the plaintiff must have a legal or equitable interest in the subject mortgage" (*Countrywide Home Loans, Inc. v Gress*, 68 AD3d 709, 709 [2009]). "In a mortgage foreclosure action, a plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced" (*Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]; *see U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]). Where the issue of standing is raised by a defendant, a plaintiff must prove its standing in order to be entitled to relief (*see Bank of N.Y. v Silverberg*, 86 AD3d 274 [2011]). A defendant waives the defense of lack of standing unless it is raised in either the answer or in a pre-answer motion to dismiss the complaint (*see Wells Fargo Bank Minn., N.A. v Perez*, 70 AD3d 817, 817-818 [2010], *cert denied* 562 US —, 131 S Ct 648 [2010]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 244 [2007]; *cf. Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95 [2011]; *US Bank N.A. v Madero*, 80 AD3d 751, 752 [2011]).

Here, the Supreme Court properly denied the defendant's motion, inter alia, to vacate the judgment of foreclosure and sale. The defendant did not make a pre-answer motion to dismiss the complaint, and did not raise lack of standing as an affirmative defense in her answer. Therefore, she waived her right to raise it in support of her motion (*see JP Morgan Chase Bank, N.A. v Strands Hair Studio, LLC*, 84 AD3d 1173 [2011]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d at 241-243).

Furthermore, there is no merit to the defendant's contention that this action cannot proceed because PennyMac, as CitiMortgage's assignee of the mortgage and note, has not been formally substituted as the plaintiff. Pursuant to CPLR 1018, "the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action." "The determination to substitute or join a party pursuant to CPLR 1018 is within the discretion of the trial court" (*NationsCredit Home Equity Servs. v Anderson*, 16 AD3d 563, 564 [2005]). Here, neither party requested, and the Supreme Court did not direct, that PennyMac be substituted as the plaintiff. Thus, the action could be continued by CitiMortgage.

The defendant's remaining contentions either are without merit or have been rendered academic by our determination. Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.