■ WELLS FARGO BANK, N.A., Respondent, v SUSAN L. WINE, Defendant and Third-Party Plaintiff-Appellant, and ROBERT RANSOM, Appellant, et al., Defendants. FRANK G. REISS APPRAISALS, INC., et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. [935 NYS2d 664]—

Malone Jr., J.

Upon defendant Susan L. Wine's alleged default on a mortgage executed in 2007, plaintiff commenced this foreclosure action. Wine moved to dismiss the complaint on the basis that plaintiff lacked standing, and she commenced a third-party action against, among others, third-party defendants Frank G. Reiss Appraisals, Inc. (hereinafter Reiss) and Commonwealth Land

Title Insurance Company, asserting a claim of fraudulent misrepresentation and violations of the Racketeer Influenced and Corrupt Organizations Act (*see* 18 USC §§ 1961-1968 [hereinafter RICO]), among other things. Reiss and Commonwealth each moved to dismiss the third-party complaint against them. Thereafter, Robert Ransom, Wine's husband and an unnamed defendant,* attempted to serve his own answer on plaintiff. When plaintiff rejected his answer as untimely, Ransom moved to compel plaintiff to accept it. Ultimately, Supreme Court denied Wine's motion to dismiss the complaint, granted the motions of Reiss and Commonwealth to dismiss the third-party complaint against them and denied Ransom's motion to compel plaintiff to accept his answer. Ransom and Wine now appeal and we affirm.

" 'In a mortgage foreclosure action, a plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced' " (*CitiMortgage, Inc. v Rosenthal*, 88 AD3d 759, 760 [2011], quoting *Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]; *see Wells Fargo Bank, N.A. v Marchione*, 69 AD3d 204, 207-210 [2009]). Here, plaintiff produced adequate documentation demonstrating that it owned the note and mortgage at the time this action was commenced. Although Wine produced evidence that plaintiff had assigned the mortgage to a third party, that assignment took effect subsequent to the commencement of this foreclosure action and did not affect plaintiff's standing (*see* CPLR 1018).

Supreme Court properly granted Commonwealth's motion to dismiss the third-party complaint against it for lack of personal jurisdiction because Wine failed to effectuate proper service of process. Although Wine mailed—via certified mail—a summons and complaint to Commonwealth at its Florida office, the record contains no evidence of a signed acknowledgment of receipt of such (*see* CPLR 312-a [a]; *Klein v Educational Loan Servicing, LLC*, 71 AD3d 957, 958 [2010]).

Supreme Court also properly granted Reiss's motion to dismiss the third-party complaint against it for failure to state a cause of action (*see* CPLR 3211 [a] [7]). Initially, an appraisal cannot form the basis of a fraudulent misrepresentation claim because an appraisal is merely an opinion and, as here, the appraiser has no direct relationship with the putative plaintiff (*see Mandarin Trading Ltd. v Wildenstein*, 65 AD3d 448, 450 [2009],

---

* The complaint lists "John Doe" as a defendant, describing "John Doe" as "any and all occupants of premises being foreclosed herein." Ransom conceded that this provided him with sufficient notice that he was an intended defendant (*see Olmsted v Pizza Hut of Am., Inc.*, 28 AD3d 855, 856 [2006]).

*affd* 16 NY3d 173 [2011]). In any event, Wine's claims of fraudulent misrepresentation against Reiss consist of nothing more than general allegations of fraudulent services and, thus, do not provide the detailed and specific factual allegations of fraudulent conduct necessary to sustain such claims (*see* CPLR 3013, 3016 [b]; *see also Introna v Huntington Learning Ctrs., Inc.*, 78 AD3d 896, 898 [2010]). Wine's RICO cause of action against Reiss was likewise properly dismissed inasmuch as she does not plead a pattern of racketeering activity (*see* 18 USC § 1961 [5]; *Becher v Feller*, 64 AD3d 672, 677 [2009]) but, rather, her allegations revolve around a one-time transaction consisting of an allegedly inaccurate appraisal. Finally, the court properly dismissed Wine's conspiracy cause of action against Reiss because New York does not recognize civil conspiracy to commit a tort as an independent cause of action (*see Dune Deck Owners Corp. v Liggett*, 85 AD3d 1093, 1096 [2011]; *Heslin v Metropolitan Life Ins. Co.*, 287 AD2d 113, 115 [2001]).

As for Ransom's motion, it was within Supreme Court's discretion to compel plaintiff to accept Ransom's untimely pleading upon his showing of a reasonable excuse for his delay (*see* CPLR 3012 [d]). Here, Ransom conceded that he defaulted in answering the summons and complaint and offered only unsubstantiated claims that he had been granted an extension of time to answer. However, the record establishes that only Wine had been granted any such extension. In light of the absence of a reasonable excuse for Ransom's delay, it cannot be said that the court abused its discretion in denying his motion (*see Lipp v Port Auth. of N.Y. & N.J.*, 34 AD3d 649, 649-650 [2006]).

To the extent that they are properly before this Court, the remaining contentions of Wine and Ransom have been considered and found to be without merit.

Mercure, A.P.J., Lahtinen and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.