◼ WELLS FARGO BANK, N.A., Appellant, v JASCINTH HUDSON, Also Known as JASCINTH A. HUDSON, et al., Defendants, and MAHITIMA BAA, Respondent. [949 NYS2d 703]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Demarest, J.), dated December 2, 2010, which granted the oral application of the defendant Mahitima Baa to dismiss the complaint insofar as asserted against him and, in effect, denied its motion for a judgment of foreclosure and sale.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as granted the oral application of the defendant Mahitima Baa to dismiss the complaint insofar as asserted against him is deemed to be an application for leave to appeal from that part of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the

provision thereof granting the oral application of the defendant Mahitima Baa to dismiss the complaint insofar as asserted against him and substituting therefor a provision denying the oral application; as so modified, the order is affirmed, without costs or disbursements.

On May 31, 2006, the defendant Jascinth Hudson executed a note to borrow the sum of $675,000 from the plaintiff Wells Fargo Bank, N.A. The note was secured by a mortgage on Hudson's residential premises in Brooklyn. On October 10, 2006, the plaintiff commenced this foreclosure action alleging that it was the holder of the mortgage and note, and that Hudson was in default of her payment obligations. Hudson failed to appear or answer the complaint, and in June 2007 the Supreme Court granted the plaintiff's motion to appoint a referee to compute the sums due and owing under the mortgage and note. More than two years later, in November 2009, the plaintiff assigned the mortgage and note to the EMC Mortgage Corporation (hereinafter EMC), and EMC thereafter assigned the note and mortgage to another entity.

In August 2010, shortly after the referee's report was filed, the plaintiff moved for a judgment of foreclosure and sale. At oral argument on the motion on October 21, 2010, the defendant Mahitima Baa appeared and informed the Supreme Court that the subject note and mortgage had been transferred out of the plaintiff's possession. At a subsequent appearance on December 2, 2010, Baa made an oral application to dismiss the complaint insofar as asserted against him based upon the plaintiff's alleged lack of standing. By order dated December 2, 2010, the Supreme Court granted Baa's oral application and, in effect, denied the plaintiff's motion for a judgment of foreclosure and sale. The plaintiff appeals and we modify to deny Baa's oral application.

The plaintiff had standing to commence this foreclosure action on October 10, 2006, because, at that time, it was both the holder of the subject mortgage and the underlying note (see Wells Fargo Bank, N.A. v Wine, 90 AD3d 1216, 1217 [2011]; CitiMortgage, Inc. v Rosenthal, 88 AD3d 759, 761 [2011]; Bank of N.Y. v Silverberg, 86 AD3d 274, 279 [2011]). Further, the plaintiff did not lose the right to continue this action by subsequently assigning the mortgage and note (see CPLR 1018; Wells Fargo Bank, N.A. v Wine, 90 AD3d at 1217). Pursuant to CPLR 1018, an action "may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action." Here no party requested, and the Supreme Court did not direct,

that the current holder of the mortgage and note be substituted as the plaintiff. Accordingly, the Supreme Court erred in granting Baa's oral application to dismiss the complaint insofar as asserted against him (*see CitiMortgage, Inc. v Rosenthal*, 88 AD3d at 761; *Buywise Holding, LLC v Harris*, 31 AD3d 681, 683 [2006]).

Contrary to the plaintiff's contention, however, the Supreme Court properly denied its motion for a judgment of foreclosure and sale. At oral argument on the motion on October 21, 2010, the Supreme Court directed the plaintiff to provide an attorney affirmation in compliance with Administrative Order 548/10, which had just been issued by the Chief Administrative Judge of the State of New York and gone into effect the previous day. Administrative Order 548/10 (hereinafter the Administrative Order), which has since been replaced by Administrative Order 431/11, requires a plaintiff's counsel in a residential mortgage foreclosure action to file with the court an affirmation confirming the accuracy of the plaintiff's pleadings (*see US Bank, N.A. v Boyce*, 93 AD3d 782 [2012]). In cases pending on the effective date of the Administrative Order, where no judgment of foreclosure has been entered, the attorney affirmation must be filed at the time of filing of either the proposed order of reference or the proposed judgment of foreclosure (*id.*).

Here, the plaintiff filed its motion for a judgment of foreclosure and sale, accompanied by a proposed judgment, about two months before the Administrative Order went into effect on October 20, 2010. Although the last stage in the litigation for the filing of an attorney affirmation in a pending case had already passed, the Administrative Order nevertheless expressly applies to actions still pending on its effective date. Under these circumstances, the plaintiff was required to file the mandatory attorney affirmation in compliance with both the Administrative Order and the Supreme Court's directive in order to obtain a judgment of foreclosure and sale (*cf. Flagstar Bank v Bellafiore*, 94 AD3d 1044 [2012]). The plaintiff's failure to do so warranted the denial of its motion for a judgment of foreclosure and sale. Skelos, J.P., Dickerson, Eng and Austin, JJ., concur.