In an action to foreclose a mortgage, the defendants James F. Pace and Linda Pace appeal from an order of the Supreme Court, Suffolk County (Whelan, J.), dated February 28, 2011, which, upon a decision of the same court also dated February 28, 2011, granted the plaintiffs motion, inter alia, for summary judgment on the complaint insofar as asserted against them and for an order of reference.
Ordered that the order is affirmed, with costs payable to the plaintiff.
In this mortgage foreclosure action, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants James F. Pace and Linda Pace (hereinafter together the Paces) and for an order of reference. While the motion was pending, the Chief Administrative Judge of the State of New York, at the direction of the Chief Judge of the State of New York, and with the consent of the Presiding Justices of the Appellate Divisions, issued Administrative Order 548/10. The administrative order requires a plaintiffs counsel in a residential foreclosure action to certify the accuracy of the documents filed in support of the action by filing an affirmation representing that counsel communicated with a representative of the plaintiff who reviewed the documents and records relating to the action, and the papers filed with the court, and confirmed their factual accuracy. The plaintiffs counsel is further required to represent that, based upon such communication and counsel’s own inspection of the papers, to the best of counsel’s knowledge, information, and belief, the filed documents are complete and accurate in all relevant respects. The attorney affirmation requirement was later amended slightly by Administrative Order 431/11.
In opposition to the plaintiff’s motion, the Paces argued, among other things, that the attorney affirmation had not been filed, and its filing was required prior to an award of summary judgment. The plaintiffs counsel then filed the required affirmation in surreply. The Supreme Court granted the plaintiffs motion, and the Paces appeal.
Contrary to the Paces’ contention, the attorney affirmation *971 required by the administrative order was not untimely submitted. In cases such as this, which were pending on the effective date of the administrative order, but where no judgment of foreclosure has been entered, the plain language of the administrative order requires its filing “at the time of filing either the proposed order of reference or the proposed judgment of foreclosure.” Here, the plaintiffs counsel timely filed the affidavit in surreply on its motion, inter alia, for summary judgment on the complaint insofar as asserted against the Paces and for an order of reference. The attorney affirmation is not itself substantive evidence or a new argument supporting summary judgment, and thus, the Paces were not prejudiced by the lack of opportunity to challenge counsel’s representations therein (see generally Burlington Ins. Co. v Guma Constr. Corp., 66 AD3d 622 [2009]).
The Paces’ remaining contention involves dicta and, in any event, is academic in light of our determination. Dillon, J.E, Balkin, Leventhal and Hall, JJ., concur.