◼ CHASE HOME FINANCE, LLC, Respondent, v ANTHONY S. MICIOTTA, Also Known as ANTHONY MICIOTTA, et al., Defendants, and SUSAN M. MICIOTTA, Also Known as SUSAN MICIOTTA, Appellant. [956 NYS2d 271]—

McCarthy, J.

We affirm. A plaintiff has standing in a mortgage foreclosure action "where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced" (*Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]; *accord Wells Fargo Bank, N.A. v Wine*, 90 AD3d 1216, 1217 [2011]; *CitiMortgage, Inc. v Rosenthal*, 88 AD3d 759, 761 [2011]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]). The first mortgage assignment, from Charter One to JPMorgan Chase Bank, states that it assigns the mortgage,

"together with all rights therein and thereto, all liens created or secured thereby, all obligations therein described, the money due and to become due thereon with interest." The second mortgage assignment, from JPMorgan Chase Bank to plaintiff, transfers the identified mortgage "and all indebtedness secured thereby," specifically noting that the mortgage was "given to secure the payment of a promissory note" in the amount of $227,000. "[N]o special form or language is necessary to effect an assignment as long as the language shows the intention of the owner of a right to transfer it" (*Bank of N.Y. v Silverberg*, 86 AD3d at 280-281 [internal quotation marks and citations omitted]). As found by Supreme Court, the language of these assignments, which were both executed and recorded prior to the commencement of this action, was broad enough to transfer the interest in the mortgage as well as the underlying debt secured by the note. Therefore, plaintiff had standing when it commenced this action because plaintiff was the assignee of both the mortgage and note at that time.*

Defendant provided nothing more than speculation to support her allegations that the mortgage assignments were fraudulent. Accordingly, Supreme Court properly rejected those allegations. As defendant did not prevail on her motion, she was not entitled to counsel fees, costs or sanctions.

Peters, P.J., Rose, Spain and Garry, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Because plaintiff has standing as an assignee of the note, we need not address the alternate argument that plaintiff has standing as the holder of the note.