OPINION OF THE COURT
Thomas F. Whelan, J.
It is, ordered that this motion (No. 004) by the plaintiff for an order vacating the judgment of foreclosure and sale, cancelling the notice of pendency and granting the plaintiff leave to discontinue this mortgage foreclosure action is considered under CPLR 3217, 5015 and 6514 and is denied.
This mortgage foreclosure action was commenced by the above named plaintiff by the filing of the summons and complaint in the office of the clerk on November 2, 2006. An order fixing the defaults in answering of the defendants and appointing a referee to compute was issued upon the plaintiffs ex parte application on November 29, 2007. The report of the referee to compute was confirmed in the judgment of foreclosure and sale that was entered by the clerk on June 20, 2008. In July of 2008, the named plaintiff ceased its operations as it had been taken over by Bank of America.
By the instant motion (No. 004), counsel for the named plaintiff, without any elaboration of its retention by any successor to the now defunct named plaintiff, seeks an order vacating the judgment of foreclosure and sale, cancelling the notice of pendency and granting the plaintiff leave to discontinue this mortgage foreclosure action. The sole ground alleged is as follows:
“After commencement of this action and after the Judgment of Foreclosure and Sale was entered, plaintiff requested that the action be discontinued. Therefore, affirmant is requesting the discontinuance of this action, vacature of the Judgment of Foreclosure and Sale, discharge of the appointed referee and cancellation of the notice of pendency” (see ¶ 7 of the affirmation of plaintiffs counsel attached to moving papers).
For the reasons stated below, this application is denied in its entirety.
“It is elementary that a final judgment or order represents a valid and conclusive adjudication of the parties’ substantive rights” (Da Silva v Musso, 76 NY2d 436, 440 [1990]). A judg *599 ment of foreclosure and sale entered against a defendant is thus “final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been litigated in the foreclosure action” (Long Is. Sav. Bank v Mihalios, 269 AD2d 502, 503 [2d Dept 2000]; see New Horizons Invs. v Marine Midland Bank, 248 AD2d 449 [2d Dept 1998]; see also Signature Bank v Epstein, 95 AD3d 1199 [2d Dept 2012]). Doctrines such as law of the case, res judicata, collateral estoppel and full faith and credit serve to protect the sanctity and finality of judicial orders and judgments. They thus remain inviolate unless they are reversed by appellate processes or are vacated by the court itself under its inherent powers or those statutorily conferred upon it by CPLR 5015 (see Matter of Huie [Furman], 20 NY2d 568 [1967]). While a court possesses both inherent and statutory powers to vacate a default judgment on certain grounds (see Wilson v Galicia Contr. & Restoration Corp., 10 NY3d 827, 830 [2008]; Woodson v Mendon Leasing Corp., 100 NY2d 62 [2003]), nothing in the record adduced on the instant motion reveals that the drastic relief of vacatur is appropriate under the circumstances (see Matter of Huie [Furman], 20 NY2d 568, 572 [1967] [“Absent the sort of circumstances mentioned in CPLR 5015, ... a determination of a court from which no appeal has been taken ought to remain inviolate” (emphasis added)]).
With the judgment in place in this action, all that remains to be done is the actual foreclosure sale. The court emphasizes that pursuant to RPAPL 1353 (3), upon the sale,
“[t]he conveyance vests in the purchaser the same estate only that would have vested in the mortgagee if the equity of redemption had been foreclosed. Such a conveyance is as valid as if it were executed by the mortgagor and mortgagee, and, except as provided in section 1315 and subdivision 2 of section 1341, is an entire bar against each of them and against each party to the action who was duly summoned and every person claiming from, through or under a party by title accruing after the filing of the notice of the pendency of the action.”
Case law holds that title derived from a foreclosure sale is clear and absolute title that is beyond attack directly or collaterally (see Dorff v Bornstein, 277 NY 236 [1938]; Dulberg v Ebenhart, 68 AD2d 323 [1st Dept 1979]). Something more than a mere assertion of a right is essential to create an unmarketable title (see Argent Mtge. Co., LLC v Leveau, 46 AD3d 727 [2d Dept 2007]).
*600 Neither the judgment of foreclosure and sale, the order of reference previously issued by the court upon the defaults in answering of the mortgagor and other defendants nor the papers underlying them have been challenged as fraudulent or otherwise subject to vacatur by any interested party. Instead, it appears that counsel is having difficulty complying with the requirements of post-commencement administrative order 548-10 that was issued by court administrators following national media reports detailing misdeeds by signatories to affidavits of merit employed by those seeking foreclosure in jurisdictions other than New York. This order, or rule as it is sometimes referred to, mandates the submission of an affirmation of the mortgagee’s counsel verifying, among other things, the accuracy of the notarizations contained in the supporting documents filed with the foreclosure action. Administrative order number 548-10 was amended slightly, in 2011, in an attempt to quell the objections thereto expressed by the bar of this state (see administrative order No. 431-11).
By order dated February 28, 2011, this court declared that the 2011 administrative order and a subsequently promulgated provision of Uniform Rules for Trial Courts (22 NYCRR) § 202.12-a requiring the submission of this affirmation during the course of a mortgage foreclosure action were ultra vires and otherwise invalid (see LaSalle Bank, N.A. v Pace, 31 Misc 3d 627 [Sup Ct, Suffolk County 2011]). That order was appealed and was recently affirmed by the Second Department (see LaSalle Bank, NA v Pace, 100 AD3d 970 [2d Dept 2012]). Although the Second Department found that “[t]he attorney affirmation is not itself substantive evidence or a new argument supporting summary judgment” (at 971; cf. Wells Fargo Bank, N.A. v Hudson, 98 AD3d 576 [2d Dept 2012]), the Court did not invalidate the administrative order. Counsel for foreclosing plaintiffs thus attempt to comply with these non-substantive, administrative requirements of the administrative orders and rule. However, compliance is difficult to achieve due, in large part, to an inability to locate the affiants or others who participated in the preparation of the original affidavits of merit. The affirmation requirement is particularly onerous in cases in which a change in the named plaintiff, its servicer or its counsel has occurred.
Concern on the part of court administrators as to the veracity of the content and the procedures employed in the preparation of affidavits of merit submitted in residential New York foreclosure actions is evident from the broad brush insinuations of *601 misconduct on the part of agents of foreclosing plaintiffs that are recited, as if they were fact, in the preamble text of the affirmation form set forth in the subject administrative orders. It is the view of this court that such affirmation, which has been held not to constitute “substantive evidence” (see LaSalle Bank, NA v Pace, 100 AD3d 970, 971 [2012], supra), is a misguided and unnecessary attempt on the part of court administrators to do the “lawyering” for certain parties to residential foreclosure actions under the guise of protecting “the [honesty and] integrity of the judicial process” (see Wilson v Galicia Contr. & Restoration Corp., 10 NY3d 827, 830 [2008]). Under these circumstances, judgments of foreclosure and sale which remain unchallenged under common-law and statutory provisions governing vacatur should not be subject to vacatur due to an inability to comply with postjudgment, administrative orders of questionable validity.
The time has come to remind all that secure property rights provide the foundation for a free society and that the courts are charged with the obligation of assuring that such rights are well defined, well enforced, and readily transferable. Notions of continuity and predictability are important values which guide the exercise of contract and property rights by the citizenry of this state by their voluntary engagement in personal and business transactions involving such rights. These same notions of continuity and predictability also serve to guide the courts in the adjudication of cases before them and resort thereto is particularly stringent in cases involving contract and property rights (see generally Eastern Consol. Props. v Adelaide Realty Corp., 95 NY2d 785 [2000]).
Recently, the Second Department reminded trial courts that the “stability of contract obligations must not be undermined by judicial sympathy” (Emigrant Mtge. Co., Inc. v Fisher, 90 AD3d 823, 824 [2d Dept 2011], quoting First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630, 638 [1968], quoting Graf v Hope Bldg. Corp., 254 NY 1, 4-5 [1930]). While the judiciary has recognized that the remedy of foreclosure and sale may result in the loss of one’s home, “[w]hen a default is undisputed, the court ‘(cannot) abrogate the right of foreclosure and sale . . . which is incorporated in the contract and on the strength of which (the creditor) lent his money’ ” (Home Loan Inv. Bank, F.S.B. v Goodness & Mercy, Inc., 2011 WL 1701795, *12, 2011 US Dist LEXIS 48213, *34-35 [ED NY, Apr. 30, 2011, No. 10-CV-4677 (ADS)], quoting United States v Victory Highway Vil., *602 Inc., 662 F2d 488, 494 [8th Cir 1981], quoting United States v Sylacauga Props., Inc., 323 F2d 487, 491 [5th Cir 1963]; see also United States v Flaherty, 172 F3d 39 [2d Cir 1999]; Graf v Hope Bldg. Corp., 254 NY 1, 4-5 [1930], supra).
In view of the foregoing, the instant motion is in all respects denied.