■ U.S. BANK NATIONAL ASSOCIATION, Respondent, v SHELLEY R. EADDY, Appellant, et al., Defendants. [971 NYS2d 336]—

In an action to foreclose a mortgage, the defendant Shelley R. Eaddy appeals from an order of the Supreme Court, Rockland

County (Berliner, J.), entered October 11, 2011, which granted the plaintiff's motion pursuant to CPLR 2001 and 5019 (a), inter alia, to substitute, nunc pro tunc, newly signed affidavits of merit and of the amount due in place of the affidavits of merit and of the amount due that were attached to the plaintiff's application for an order of reference and application for a judgment of foreclosure and sale.

Ordered that the order is affirmed, with costs.

On October 26, 2007, the plaintiff commenced the instant action to foreclose on the residential mortgage of the defendant Shelley R. Eaddy. On October 20, 2010, which was after the plaintiff obtained a judgment of foreclosure and sale, but before the subject property was sold, then Chief Administrative Judge Ann T. Pfau issued Administrative Order 548/10, which has since been amended by Administrative Order 431/11. Administrative Order 548/10 required that the plaintiff's counsel in a residential mortgage foreclosure action file an affirmation with the court, confirming that he or she communicated with a representative of the plaintiff, who informed counsel that he or she "(a) has personally reviewed [the] plaintiff's documents and records relating to this case; (b) has reviewed the [s]ummons and [c]omplaint, and all other papers filed in this matter in support of foreclosure; and (c) has confirmed both the factual accuracy of these court filings and the accuracy of the notarizations contained therein." The filing of this attorney's affirmation is mandatory (see *LaSalle Bank, NA v Pace*, 100 AD3d 970 [2012]; *Wells Fargo Bank, N.A. v Hudson*, 98 AD3d 576, 578 [2012]; *Flagstar Bank v Bellafiore*, 94 AD3d 1044, 1045 [2012]; *US Bank, N.A. v Boyce*, 93 AD3d 782 [2012]). Where, as here, a judgment of foreclosure has been entered, but the property has not yet been sold, the attorney's affirmation was required to be filed "five business days before the scheduled auction, with a copy to be served on the referee" (Administrative Order 548/10).

In the instant case, the plaintiff's counsel was advised by the plaintiff that it "could not confirm the accuracy with regard to the execution and/or notarizations" of two affidavits of merit and of the amount due that had been previously submitted to the court. The plaintiff moved, pursuant to CPLR 2001 and 5019 (a), inter alia, to substitute, nunc pro tunc, newly signed affidavits of merit and of the amount due in place of the affidavits of merit and of the amount due that had been attached to the plaintiff's application for an order of reference and application for a judgment of foreclosure and sale. The Supreme Court granted the motion.

CPLR 2001 permits a court, at any stage of an action, to disregard a party's mistake, omission, defect, or irregularity if a substantial right of a party is not prejudiced (*see Matter of Tagliaferri v Weiler*, 1 NY3d 605, 606 [2004]; *Avalon Gardens Rehabilitation & Health Care Ctr., LLC v Morsello*, 97 AD3d 611, 612 [2012]). " 'Pursuant to CPLR 5019 (a), a trial court has the discretion to correct an order or judgment which contains a mistake, defect, or irregularity not affecting a substantial right of a party' " (*JSO Assoc., Inc. v Price*, 104 AD3d 737, 738 [2013], quoting *Adams v Fellingham*, 52 AD3d 443, 444 [2008]). The provisions in CPLR 2001 and 5019 (a) may only be employed to correct errors where the corrections do not affect a substantial right of the parties (*see Goldberger v Eisner*, 90 AD3d 835, 836 [2011]).

Under the facts of this case, the Supreme Court providently exercised its discretion in granting the plaintiff's motion. No substantial right of Eaddy will be affected by the court's substitution of the new affidavits of merit and of the amount due (*cf. GMAC Mtge., LLC v Bisceglie*, 109 AD3d 874 [2013] [decided herewith]). The new proposed affidavits of merit and of the amount due list the *same* amounts due and owing as those stated in the original affidavits submitted with the application for the order of reference and the application for the judgment of foreclosure and sale. Further, Eaddy has remained in possession of the subject property throughout the pendency of the instant action.

Eaddy's remaining contentions are either not properly before this Court or without merit. Mastro, J.P., Rivera, Lott and Cohen, JJ., concur.