OPINION OF THE COURT
Thomas F. Whelan, J.
Ordered that this motion (No. 003) by the plaintiff for an order relieving it of any obligation to comply with the affirmation requirements imposed upon counsel for foreclosing plaintiffs in residential mortgage foreclosure actions by the terms of certain Administrative Orders and/or rules issued by the Chief Administrative Judge subsequent to the commencement of this action is considered under 22 NYCRR 202.1 (b) and the relevant provisions of CPLR 3001, New York State Constitution article VI, and the Judiciary Law, and is granted to the extent set forth below.
The plaintiff commenced this mortgage foreclosure action by filing its summons and complaint with the Clerk on November 30, 2009. At issue is the nonpayment of a mortgage in excess of $1 million given by the defendant mortgagor, Arif Izmirligil, in July of 2006. The default in payment of monthly amounts due for interest and principal under the note and mortgage occurred on May 1, 2009 and such default continues to date. On December 3, 2009, defendant Izmirligil was served, pursuant to CPLR 308 (1), with process bearing the statutorily required notices and warnings and the complaint. Defendant Izmirligil defaulted in timely answering or otherwise appearing in response to such service.
In February of 2010, defendant Izmirligil moved to vacate his default and for leave to serve a late answer. By order dated July 16, 2010, this court denied the motion (No. 001). The defendant then moved (No. 002) for leave to renew and reargue his original motion. On September 22, 2010, this court denied the renewal and reargument motion, after which, defendant Izmirligil challenged these orders by taking an appeal therefrom. By or *411 der dated October 25, 2011, the Appellate Division, Second Department rejected the defendant’s claims of error and affirmed both orders of this court (see Bank of N.Y. Mellon v Izmirligil, 88 AD3d 930 [2d Dept 2011]). The default in answering of defendant Izmirligil, which was admitted in his original moving papers and judicially confirmed in these orders, thus stands as fixed and determined for all purposes in this action.
Thereafter, defendant Izmirligil filed suit against the plaintiff in federal court (NY ED CV11-5591) charging it with wrongful foreclosure of the subject mortgage by its institution of this action and with deceptive practices in the origination of the loan and violations of the Fair Debt Collection Practices Act. All of these claims were dismissed upon motion of the bank by an order dated April 15, 2013 (see mem & order of the Honorable Leonard D. Wexler, District Court Judge, attached as exhibit A to the plaintiffs reply papers).
By the instant motion (No. 003), the plaintiff seeks, in effect, a declaration that certain attorney affirmation requirements imposed upon counsel for foreclosing plaintiffs by Administrative Orders promulgated by the Chief Administrative Judge are unconstitutional and impermissibly require such counsel to violate the attorney-client privilege they are ethically bound to forever honor and preserve. The motion was served upon defendant Izmirligil who appeared by service of opposing papers prepared by his counsel. In addition, the defendant submitted a self-composed letter demanding that this court recuse itself from presiding over any proceeding in this action. Since, however, this letter demand constitutes, among other things, an impermissible separate appearance by a party who is represented by counsel without the consent of the court (see CPLR 321 [a]), the court will not entertain it.
The court is also in receipt of a letter from the Attorney General’s Office dated November 20, 2013 in which receipt of papers with respect to the instant motion pursuant to Executive Law § 71 and CPLR 1012 (b) (1) was acknowledged “because there is a purported constitutional challenge to a State statute” (see letter dated Nov. 20, 2013 by Andrew D. Bing, Deputy Solicitor General, State of New York, Office of the Attorney General). Deputy Solicitor Bing further advised that his office “would not be participating in the above entitled matter at this time” but “would appreciate being advised of any final decision,” as his office may intervene at a later stage.
The court considers the opposing papers prepared by the defendant’s counsel improper for two reasons. First, the opposing *412 papers consist of a document entitled “Attorney Affirmation in Opposition to Plaintiffs Motion” that is not affirmed under penalties of perjury by the defendant’s attorney as required by CPLR 2106. Nor is it sworn to by defendant Izmirligil. Instead, counsel’s affirmation contains an attached verification by the defendant and documentary exhibits. There is thus neither an affidavit nor an affirmation in which allegations of fact are sworn to or affirmed under penalties of perjury. Moreover, defense counsel failed to attach the certification of non-frivolous contentions and other matters required by the rule at 22 NYCRR 130-1.1 (b).
Second, as a party whose default in answering has been finally adjudicated, defendant Izmirligil is “deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them” (Woodson v Mendon Leasing Corp., 100 NY2d 62, 71 [2003]). In the absence of a reversal or vacatur of such adjudicated default, which is not available to defendant Izmirligil due to his unsuccessful appeal of his vacatur motion, his further participation in proceedings held in this action is limited to contesting the issues concerning amounts due under the terms of the mortgage at any reference directed or assessment made by the court pursuant to RPAPL 1321 (see CPLR 3215 [g] [1], [2]; Rokina Opt. Co. v Camera King, 63 NY2d 728, 730 [1984]; Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568 [1978]; Santiago v Siega, 255 AD2d 307 [2d Dept 1998]; Yeboah v Gaines Serv. Leasing, 250 AD2d 453 [1st Dept 1998]), and/or to contesting the plaintiffs compliance with procedural requirements imposed upon any application for a default judgment by the other provisions of CPLR 3215 (see CPLR 3215 [g], [c]; Giglio v NTIMP, Inc., 86 AD3d 301 [2d Dept 2011]; Deutsche Bank Natl. Trust Co. v Pascarella, 39 Misc 3d 1227[A], 2013 NY Slip Op 50777[U] [Sup Ct, Suffolk County 2013]; Bank of N.Y. Mellon v Piercey, 40 Misc 3d 1219[A], 2013 NY Slip Op 51232[U] [Sup Ct, Suffolk County 2013]). Defendant Izmirligil is thus without an entitlement to be heard in opposition to this motion or to demand affirmative relief in his favor (see e.g. U.S. Bank N.A. v Gonzalez, 99 AD3d 694 [2d Dept 2012]; Deutsche Bank Trust Co., Ams. v Stathakis, 90 AD3d 983 [2d Dept 2011]; Deutsche Bank Natl. Trust Co. v Posner, 89 AD3d 674 [2d Dept 2011]; Citimortgage, Inc. v Guarino, 42 Misc 3d 962 [Sup Ct, Suffolk County 2014]; Deutsche Bank Natl. Trust Co. v Espinoza, 39 Misc 3d 1238[A], 2013 NY Slip Op 50926[U] [Sup Ct, Suffolk County 2013]; US Bank *413 N.A. v Orellana, 40 Misc 3d 1204[A], 2013 NY Slip Op 51037[U] [Sup Ct, Suffolk County 2013]; see also Marc C. Dillon, Unsettled Times Make Well-Settled Law: Recent Developments in New York State’s Residential Mortgage Foreclosure Statutes and Case Law, 76 Alb L Rev 1085, 1105 [2012-2013]).
The foregoing circumstances clearly warrant the court’s rejection, without consideration, of the defendant’s submissions in opposition to the plaintiffs motion. Since, however, the plaintiff served defendant Izmirligil with its moving papers thereby inviting his response, which was not objected to except for the inclusion of demands for affirmative relief, the court has read and considered the legal arguments advanced in defendant’s opposing papers. His objection to the timeliness of the plaintiff’s reply is, however, rejected and all affirmative demands for relief are denied.
In its moving papers, the plaintiff demands an order relieving it of any obligation to comply with attorney affirmation requirements imposed through the promulgation of Administrative Orders of the Chief Administrative Judge after the commencement of this action. These highly unusual Administrative Orders were adopted and implemented following the dissemination of widely publicized national media accounts of misdeeds and other misconduct in the preparation of foreclosure papers by mortgagees in states other than New York. Concern on the part of court administrators that such misdeeds and misconduct would infiltrate New York foreclosure proceedings and compromise the veracity of alleged facts and the propriety of the procedures employed in the preparation of affidavits of merit submitted in residential New York foreclosure actions was the apparent basis for the issuance of Administrative Orders of Chief Administrative Judge AO/548/10 and AO/431/11 (see affirmation form— preamble attached to AO/548/10, AO/431/11). These orders or rules, as they are sometimes referred to, impose vouching requirements only upon counsel for foreclosing plaintiffs in pending residential foreclosure cases in which a sale has not yet occurred. The plaintiffs counsel must independently verify the content accuracy of affidavits of merit and other supporting papers and the propriety of the notarizations affixed thereto in the subject foreclosure action upon the application for the order of reference, the final judgment or, if already issued, five days prior to the sale. While counsel’s compliance therewith has been held to be mandatory (see U.S. Bank N.A. v Eaddy, 109 AD3d 908 [2d Dept 2013]), the affirmation itself has been held to be *414 non-substantive in nature and its contents free from challenges by adverse parties (see LaSalle Bank, NA v Pace, 100 AD3d 970 [2d Dept 2012]).
The first of the several Administrative Orders at issue on this motion was promulgated by Chief Administrative Judge Ann Pfau on October 20, 2010 (see AO/548/10). It provides as follows:
“ADMINISTRATIVE ORDER OF THE “CHIEF ADMINISTRATIVE JUDGE “OF THE COURTS
“Pursuant to the authority vested in me, at the direction of the Chief Judge of the State of New York and with the consent of the Presiding Justices of the State of New York, I hereby order and direct that, effective immediately, plaintiffs counsel in residential mortgage foreclosure actions shall file with the court in each such action an affirmation, in the form attached hereto, at the following times:
“• In cases commenced after the effective date of this Order, at the time of the filing of the Request for Judicial Intervention.
“• In cases pending on such effective date, where no judgment of foreclosure has been entered, at the time of filing either the proposed order of reference or the proposed judgment of foreclosure.
“• In cases where judgment of foreclosure has been entered but the property has not yet been sold as of such effective date, five business days before the scheduled auction, with a copy to be served on the referee.”
On December 17, 2010, Chief Administrative Judge Pfau issued a second Administrative Order, although this one was not at the Chief Judge’s direction, but was with the advice and consent of the Administrative Board of the Courts. It amended existing rule 202.12-a of the Uniform Rules for Trial Courts (22 NYCRR 202.12-a) which addresses settlement conference procedures in residential mortgage foreclosures (see Administrative Order of Chief Admin Judge of Cts AO/584/10). It added, effective immediately, a new subdivision (f) to the rules at 22 NYCRR 202.12-a which authorized “[t]he Chief Administrator of the Courts [to] continue to require counsel to file affidavits or affirmations confirming the scope of inquiry and the accuracy of papers filed in residential mortgage foreclosure actions addressing both owner-occupied and (notwithstanding section (a) *415 supra) non-owner-occupied residential properties.” A third Administrative Order was issued on March 2, 2011. Like the first, this Administrative Order contains a recital that its issuance was at the direction of the Chief Judge and with the consent of the presiding Justices of the Appellate Divisions. This order amended, in purportedly nunc pro tunc fashion, AO/ 548/10 by the imposition of changes to the textual form of affirmation set forth therein (see Administrative Order of Chief Admin Judge of Cts AO/431/11).
The plaintiff claims that AO/548/10, as amended by AO/431/11 and the rule at 22 NYCRR 202.12-a (f), under which the affirmation requirements are mandated or confirmed, are unconstitutional and cause counsel for foreclosing plaintiffs to violate the attorney-client privilege otherwise enjoyed by counsel everywhere. The plaintiff thus seeks an order granting it relief from the affirmation requirements imposed by such orders and rule upon a declaration of their invalidity due to unconstitutionality and/or other infirmities.
In his opposing papers, defendant Izmirligil claims, among other things, that purported false allegations and fraudulent acts committed in the preparation of documents by banks and their attorneys for use in foreclosure proceedings throughout the country as reported by national media outlets justify the imposition of the administratively imposed affirmation requirements. The defendant’s opposing papers are laced with reports of such misdeeds and allegations including that the plaintiffs original attorney was forced to close its office due to widespread instances of “robo-signing” of documents prepared for foreclosure filings here in New York. The alleged false swearing to content facts by agents of the plaintiff, and the submission of fabricated documents and/or improperly prepared and notarized affidavits relate principally to the issue of the plaintiffs standing to prosecute this action, which is neither jurisdictional in nature nor immune from its waiver or forfeiture upon a failure to timely assert it as a defense (see Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 243-244 [2d Dept 2007]). A waiver of the standing defense by defendant Izmirligil is in effect here due to his failure to raise such defense in a timely appearance and his unsuccessful attempts to vacate his default in answering (see Onewest Bank, FSB v Fernandez, 112 AD3d 681 [2d Dept 2013]).
The defendant and his counsel nevertheless contend that all of these purported misdeeds serve as a fraud upon the court *416 within the contemplation of CPLR 5015 (a) (3) and the court’s inherent powers. They further contend that the acts of the plaintiff’s agents in servicing the loan, including its maintenance of the payment history, the amounts due and the date of the default were improper and fraudulent. In addition, it is alleged that the plaintiff, who purportedly lacks standing to prosecute this action, should not be permitted to continue its prosecution thereof. In sum, the defendant claims, as he did in the amended complaint filed in the federal action, that this foreclosure action is wrongful and fraudulent and that trial courts, such as this one, are powerless to prevent these purported acts of intrinsic and extrinsic fraud without adherence to the affirmation requirements. The defendant and his counsel also contend that recent appellate case authorities have upheld the affirmation requirements (see e.g. U.S. Bank N.A. v Eaddy, 109 AD3d 908 [2013], supra; Wells Fargo Bank, N.A. v Hudson, 98 AD3d 576, 578 [2d Dept 2012]).
The court, however, rejects the contentions of the defendant and grants the plaintiffs motion to the extent set forth below.
In the case entitled LaSalle Bank, N.A. v Pace (31 Misc 3d 627 [2011]), this court held that Administrative Order 548/10 and the rule at 22 NYCRR 202.12-a (f) were ultra vires inasmuch as the Chief Administrative Judge exceeded her statutory and delegated powers to regulate practice and procedure in the courts and invaded the province of the legislature to regulate jurisdiction, practice and procedure in the courts that is constitutionally conferred upon it under NY Constitution, article VI, §§ 28, 30 and Judiciary Law §§ 211 and 212 (2) (d) (see LaSalle Bank, N.A. v Pace, 31 Misc 3d at 631). This court further found that the affirmation requirements impermissibly invaded the province of this court to hear and determine cases assigned in a manner which limited the constitutionally vested adjudicatory powers of this court. The court went on to grant summary judgment in favor of the plaintiff on its complaint against the Paces and denied their cross motion for summary judgment dismissing the complaint. The Paces’ cross motion was premised, in part, upon claims that the plaintiffs failure to comply with the administratively imposed affirmation requirements warranted an award of summary judgment dismissing the complaint.
Following this court’s rejection of such claims, the Paces appealed. By order dated November 28, 2012, the Appellate Division, Second Department affirmed this court’s order, without *417 addressing on dicta grounds, the Paces’ claim that this court erred in determining that the subject Administrative Orders were ultra vires and or otherwise invalid (see LaSalle Bank, NA v Pace, 100 AD3d 970 [2d Dept 2012]). With respect to the attorney affirmation, the Second Department found as follows: “The attorney affirmation is not itself substantive evidence or a new argument supporting summary judgment, and thus, the Paces were not prejudiced by the lack of opportunity to challenge counsel’s representations therein” (100 AD3d at 971 [citation omitted]).
This court finds no reason to alter or disturb its prior holding as to the invalidity of the affirmation requirements set forth in the February 28, 2011 order issued in LaSalle Bank, NA v Pace, upon which the plaintiff relies in part to support its demands for relief on this motion. Indeed, this court has confirmed its holding in several orders issued subsequently in other actions (see e.g. Countrywide Home Loans, Inc. v Taylor, 39 Misc 3d 597 [Sup Ct, Suffolk County 2013]; Deutsche Bank Natl. Trust Co. v Espinoza, 39 Misc 3d 1238[A], 2013 NY Slip Op 50926[U] [2013], supra; see also Citimortgage, Inc. v Guarino, 42 Misc 3d 962 [Sup Ct, Suffolk County 2014]).
None of the defendant’s contentions, many of which are based upon anecdotal reports of wide-spread misconduct in the content and preparation of foreclosure papers elsewhere, including the “robo-signing” of documents, warrant a different result. Claims that wrongdoing in cases other than the one before the court suffer from relevancy and materiality issues and have thus been rejected by appellate case authorities (see Citimortgage, Inc. v Bustamante, 107 AD3d 752 [2d Dept 2013]; Wells Fargo, N.A. v Levin, 101 AD3d 1519 [3d Dept 2012]; cf. GMAC Mtge., LLC v Bisceglie, 109 AD3d 874 [2d Dept 2013]). The court thus finds no merit in the defendant’s claim that the affirmation requirements are in all respects valid, including the claim that they constitute a reasonable and proper response to the acts of fraud that are allegedly committed by foreclosing plaintiffs and/or their agents in mortgage foreclosure actions like the instant one. The court likewise rejects the defendant’s claim that the Second Department validated the affirmation requirements in its decision affirming this court’s order in LaSalle Bank, NA v Pace (100 AD3d 970 [2012], supra), as the appellate court expressly declined to address it on dicta grounds. Nor is there any merit to the defendant’s claim of validation in other appellate cases (see e.g. U.S. Bank N.A. v Eaddy, 109 AD3d 908 *418 [2013], supra), as there is no indication that the issue of the validity of the administratively imposed affirmation requirements was before the appellate court in the cases cited by the defendant.
In addition, events occurring subsequent to the issuance of the February 28, 2011 order awarding summary judgment to the plaintiff in LaSalle Bank, N.A. v Pace may fairly be construed as additional evidence of the ultra vires nature of the subject Administrative Orders and the vouching affirmation requirements imposed therein upon only counsel for plaintiffs in residential foreclosure actions (see Connors, 2013 Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3012-b, 2014 Pocket Part at 18; see also Siegel, NY Prac § 205 [5th ed 2011, July 2013 Pocket Part]—tracking history of affirmation rule). Such events, which are detailed below, include the legislature’s intervention into the field by the enactment of CPLR 3012-b, which requires the filing of certificates of merit in most residential foreclosure actions commenced after August 30, 2013, and the immediate amendment of the affirmation requirements by court administrators in response to such legislative enactment.
In July of 2013, the New York State Legislature, at the behest of court administrators, entered the field previously governed by the subject Administrative Orders by the enactment of a new section to the CPLR numbered 3012-b, entitled “Certificate of merit in certain residential foreclosure actions.” Effective prospectively, this new statute is applicable to most residential foreclosure actions commenced on or after August 30, 2013. The certificate of merit that is the cornerstone of CPLR 3012-b must be attached to the complaint and signed by the plaintiff’s attorney. Therein, the attorney must declare that he or she has reviewed the merits of the action and that, based upon consultation with representatives of the plaintiff or the attorney’s review of pertinent documents, to the best of such attorney’s knowledge, information and belief, there is a reasonable basis for the commencement of such action and that the plaintiff is currently the creditor entitled to enforce rights under such documents.
The legislature’s prospective application of the statutory certification requirements to all cases commenced on and after August 30, 2013 appears, at first glance, to have left the administratively imposed attorney affirmation requirements in place for all cases pending prior to August 30, 2013. However, on August 1, 2013, the Honorable A. Gail Prudenti, J.S.C., in *419 her capacity as Chief Administrative Judge of the Courts, promulgated, under her own authority, Administrative Order 208/13. Therein, Judge Prudenti lifted the affirmation requirements imposed by AO/431/11 in all cases commenced on and after August 30, 2013. With respect to all prior commenced actions, compliance with the affirmation requirements of AO/ 431/11 was made optional to the extent that the plaintiff may now: (1) comply with the provisions in Administrative Order 431/11; or (2) file the statutory certificate of merit in the form prescribed by CPLR 3012-b (a) at the time of the filing of the request for judicial intervention (see AO/208/13).
It is the view of this court that the legislature’s entry into the field of merit vouching by plaintiffs counsel in residential foreclosure cases in which court administrators had earlier entered upon—rightly or wrongly—struck the death knell to the administratively imposed affirmation requirements. Two staunch and relevant principles of statutory construction guide this court to this conclusion. The first of such principles is that “a court cannot amend a statute by inserting words that are not there, nor will a court read into a statute a provision which the Legislature did not see fit to enact” (Matter of Chemical Specialties Mfrs. Assn. v Jorling, 85 NY2d 382, 394 [1995], citing McKinney’s Cons Laws of NY, Book 1, Statutes § 363 at 525; see Gural v Drasner, 114 AD3d 25 [1st Dept 2013]). The second is that an “inference must be drawn that what is omitted or not included was intended to be omitted and excluded” (Matter of Chemical Specialties Mfrs. Assn. v Jorling, 85 NY2d 382, 394 [1995], quoting Statutes § 240 at 412; see Gural v Drasner).
Since the courts are bound by these long-standing rules of statutory construction, court administrators can be no less bound. The legislature chose not to impose any vouching requirements by way of affirmation of foreclosing plaintiff’s counsel in any foreclosure action commenced in this state, although it did impose, prospectively, in new cases commenced on and after August 30, 2013, the merit certification requirements that are the subject of CPLR 3012-b. However, court administrators chose to continue to require attorney vouching affirmations in cases pending prior to August 30, 2013 in which requests for judicial intervention had been filed and they chose to require the filing of the statutory certificate of merit in all other residential foreclosure actions commenced prior to August 30, 2013 (see AO/208/13). Any notion that court administrators remain *420 free to regulate cases that the legislature chose not to regulate is repugnant to the principles of statutory construction cited above.
A third long-standing, legal maxim also controls, namely, that administrative rules may not be inconsistent with existing legislation, particularly in this context, since the authority to regulate practice and procedure in the courts is, first and foremost, vested in the legislature under article VI, § 30 of the New York State Constitution (see Judiciary Law § 212 [2] [d]; Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5-6 [1986]). A comparison of the information called for by the statutory certification requirements of CPLR 3012-b and that mandated by the affirmation requirements under the subject Administrative Orders reveals that the statutory certification requirements are markedly less onerous with respect to the nature of the disclosures required than those called for by the affirmation requirements. The vouching of proper notarization procedures have been eliminated and those portions of the affirmation disclosures which are challenged herein as violative of the attorney-client privilege are no longer mandated by the certificate of merit disclosures. There is thus no implication of any violation of the attorney-client privilege in the certificate of merit. These factors warrant a finding that the administratively imposed affirmation requirements are more stringent and thus inconsistent with the certificate requirements imposed by CPLR 3012-b.
While the legislature may certainly delegate its legislative powers over court practices and procedures by vesting in court administrators rule-making authority in a particular field that is subject to legislation (see NY Const, art VI, § 30; Judiciary Law § 212 [2] [d]), any rule promulgated pursuant thereto must be consistent with the statute providing the delegation (see Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5-6 [1986], supra). A review of legislative materials generated in the enactment of CPLR 3012-b reveals that no such delegation of legislative powers by rule-making authority was vested in court administrators. The defendant’s claim that the affirmation requirements included in 22 NYCRR 202.12-a (f) are consistent with the legislature’s delegation under CPLR 3408 are without merit (see LaSalle Bank, N.A. v Pace, 31 Misc 3d 627 [2011], affd 100 AD3d 970 [2012], supra). Nor is the regulation of pending cases by court administrators, both before and after the enactment of CPLR 3012-b, sustainable under article VI, § 28 of *421 the NY Constitution and sections 211 and 212 of the Judiciary-Law due, to this same inconsistency and, among other things, the absence of duly promulgated governing standards and administrative policies by the Chief Judge (see NY Const, art VI, § 28 [c]; Judiciary Law §§ 211, 212 [1]; 22 NYCRR 80.1 [b] [6]).
In addition, the affirmation requirements cannot be sustained as being within the limited, inherent powers of the courts to regulate practice and procedure since the Constitution only permits court rule making where it is “consistent with the general practice and procedure as provided by statute or general rules” (see NY Const, art VI, § 30; Riglander v Star Co., 98 App Div 101 [1st Dept 1904], affd 181 NY 531 [1905]). Indeed, the CPLR itself provides that civil practice rules, such as CPLR 3012-b, may only be amended, rescinded or enlarged by the adoption of additional rules consistent with the Constitution by act of the legislature and that no such rule, amendment, recision or adoption “shall abridge or enlarge the substantive rights of any party” (see CPLR 102). Exercise of inherent powers as a basis for the adoption of administrative court rules is thus improper where legislation governing the field provides otherwise or where an administrative rule abridges or enlarges the substantive rights of parties (see Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5-6 [1986], supra; People v Mezon, 80 NY2d 155 [1992]).
Even if it were otherwise and the attorney’s affirmation requirements were viewed as being within such limited inherent powers, their imposition of additional procedural hurdles not required by the newly enacted certification procedures renders the affirmation requirements inconsistent with existing legislation. “The doctrine that courts have an inherent jurisdiction to mould the proceedings to meet new conditions and exigencies, is true, but in a limited sense. They cannot, under cover of procedure or to accomplish justice in a particular case, invade recognized rights of person or property” (People v Ramos, 85 NY2d 678, 687 [1995], quoting McQuigan v Delaware, Lackawanna & W. R.R. Co., 129 NY 50, 55 [1891]). Moreover, because no court rule can enlarge or abridge rights conferred by statute, the imposition of additional procedural hurdles that impair statutory remedies is precluded (see CPLR 101, 102; People v Ramos, 85 NY2d 678 [1995], supra). Because the attorney affirmation requirements that are the subject of AO/548/10, AO/431/ 11, AO/208/13 and the rule at 22 NYCRR 202.12-a (f) impose *422 additional and more stringent procedural burdens upon a foreclosing plaintiff than those required by the statutory certification procedures, they violate these long-standing principles which delimit the inherent rule-making authority of court administrators.
That the sources of judicial rule-making authority do not afford carte blanche to courts in promulgating regulations and that no court rule can enlarge or abridge rights conferred by statute is clear (see People v Ramos, 85 NY2d 678 [1995], supra; Bloom v Crosson, 183 AD2d 341 [3d Dept 1992], affd 82 NY2d 768 [1993]; LaSalle Bank, N.A. v Pace, 31 Misc 3d 627, 633 [2011], affd 100 AD3d 970 [2012], supra; see also Menashe v Baum, 2011 WL 4553097, *3, 2011 US Dist LEXIS 111082, *7 [ED NY, Sept. 28, 2011, Seybert, J., No. 10 CV 5155 (JS)(ARL)]). In apparent recognition of these precepts, court administrators called upon the legislature to enact statutory rules governing merit vouching and other up-front filing requirements in residential mortgage foreclosure actions in the spring of 2012, stating that “legislation rather than administrative action was necessary” (see Andrew Keshner, Bill Seeks Early Certification of Foreclosure Actions’ ‘Merit,’ NYLJ, May 24, 2012, quoting Judge Judy Harris Kluger). Cast thereby were the darkest of shadows upon the validity of any administratively imposed continuation of the old affirmation requirements and upon the imposition of the new certificate of merit requirements in cases commenced prior to the August 30, 2013 effective date of CPLR 3012-b.
As noted in the above-cited Albany Law Review article, “the State of New York enacted and amended a coordinated series of statutes designed to protect homeowners facing foreclosure on their homes in 2008, 2009, 2010, and 2011” (Marc C. Dillon, Unsettled Times Make Well-Settled Law: Recent Developments in New York State’s Residential Mortgage Foreclosure Statutes and Case Law, 76 Albany L Rev 1085, 1085 [2012-2013], supra). Once again, in 2013, the State Legislature adopted additional homeowner protection statutes and therein imposed vouching requirements in foreclosure actions with the adoption of CPLR 3012-b, but only in a prospective manner.
The fact that the legislature chose to impose the new statutory certificate of merit requirements prospectively, rather than retroactively, did not leave pending cases unregulated by statute nor did it give rise to any administrative authority to impose more stringent vouching requirements in such cases. As indicated above, the legislature’s expressed choice to impose *423 vouching requirements on plaintiffs counsel prospectively only, and not on counsel in pending foreclosure actions, is evidence of the legislature’s intention not to saddle plaintiffs in prior commenced actions with any vouching requirements. The administratively imposed vouching requirements applicable to cases pending prior to August 30, 2013 under the recently promulgated provisions of AO/208/13 are clearly at odds with the prospective effective date of the new civil practice rule at CPLR 3012-b. For this reason and those set forth above, such vouching requirements are invalid.
Recognition of this court’s inherent adjudicatory authority to declare invalid or to otherwise grant relief from any administrative rule or other directive governing practice and procedure or the transaction of business in the courts found not to be in keeping with the rule-making authority vested in court administrators is expressly provided in 22 NYCRR 202.1 (b). Therein, this court is empowered to waive all but two of the numerous rules promulgated by the Chief Administrative Judge. The fact that administrative rules or regulations are issued in the form of Administrative Orders rather than duly promulgated court rules does not effect this court’s authority to waive compliance therewith (see Marc C. Dillon, Unsettled Times Make Well-Settled Law: Recent Developments in New York State’s Residential Mortgage Foreclosure Statutes and Case Law, 76 Albany L Rev 1085, 1130, 1132 n 304 [2012-2013], supra). In any event, the waiver authority expressly conferred in 22 NYCRR 202.1 (b) supplements, rather than supplants, adjudicatory powers vested in this court to declare administrative rules and regulations invalid due to constitutional and/or other infirmities like those which plague both the original and modified affirmation requirements at issue here.
Under the waiver authority of 22 NYCRR 202.1 (b) and the court’s inherent adjudicatory powers, this court finds that court administrators may not continue to impose any vouching requirements upon plaintiffs counsel in mortgage foreclosure actions as they are inconsistent with principles of statutory construction and the certification requirements imposed by CPLR 3012-b, the enactment of which circumscribed the field of merit vouching in residential mortgage foreclosure cases, pending or impending. For these good cause reasons and in the interests of justice, the plaintiffs compliance with the attorney affirmation requirements imposed under AO/208/13, AO/431/11 and 22 NYCRR 202.12-a (f) in this action is hereby waived (see 22 NYCRR 202.1 [b]).
*424 “The one area, above all, where a court should exercise caution is when it is deciding its own power” (State ex rel. Affiliated Constr. Trades Found. v Vieweg, 205 W Va 687, 694, 520 SE2d 854, 861 [1999]). As noted in other circumstances, “[t]he Supreme Court exceeds its authority when it fashions a remedy not contemplated by the statute” (Parker v Top Homes, Inc., 58 AD3d 817, 819 [2d Dept 2009]). In this instance, no matter the strength of the perceived public policy concerns, the infirmities detailed above cannot be ignored.
In view of the foregoing, the instant motion is granted to the extent set forth above. The remaining claim that the affirmation requirements impermissibly require plaintiffs counsel to violate the rules governing the attorney-client privilege set forth in Rules of Professional Conduct (22 NYCRR 1200.00) rule 1.6 is denied as such claim has been rendered moot by this court’s finding that the less stringent certification requirements do not implicate a violation of the attorney-client privilege and that the plaintiff is entitled to a waiver of the affirmation requirements imposed in the several Administrative Orders and the rule at 22 NYCRR 202.12-a (f) as set forth above.